## I. B. BURNS, JR., V. THE STATE.

No. 20941.   Delivered March 27, 1940.
On Appellant's Motion to Reinstate Appeal May 15, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The offense charged is possession of beer for the purpose of sale in a dry area, and punishment fixed at a fine of $100.00.

The recognizance in this cause is an exact counterpart in the undertaking portion thereof as the one set forth in our cause No. 20946, I. B. Burns, Sr., v. State, (page 267 of this volume) this day decided, and is defective in the same particulars as set forth in that cause.

For the reasons therein stated this appeal is dismissed.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

Appellant and Roscoe McChristy were driving around the town of Brownwood, and at about 3 o'clock in the morning they drove into a blind alley, and, turning off the lights of the car, appellant drove into a yard at the end of the alley and up to a vacant barn. The barn door was locked with a Yale lock, and certain peace officers were secreted near the barn. Upon appellant's companion getting out of the car, appellant and McChristy were taken in charge by the officers, and McChristy was told to unlock the door. On his failure to do so he was struck over the head with a pistol, at which point appellant said "I have a key to the door," and he came and unlocked the door. The officers found three cases of beer in the barn. Each case contained 24 cans; and each can was of 12-ounce capacity. McChristy testified that appellant had said something to him about going down there and getting some beer. However, the witness said he did not know whose beer it was.

The court charged on circumstantial evidence. We deem the circumstances sufficient to exclude every other reasonable hypothesis than appellant's guilt. He knew where the beer was located, and had the key to the door. Appellant's action in going to the barn in the alley, together with all the facts and circumstances in evidence, warrant the conclusion that he was either sole or joint possessor of the beer.

Bill of exception No. 2 complains as follows: "Because the court erred in overruling the defendant's motion for a continuance on being forced to trial with a jury panel consisting of pick-up jurors, and being forced to trial with only three jurors selected by a jury commission." The bill is qualified as follows: "With the qualification that a regular jury was selected by a jury commission and was in attendance at the trial, but some of them were on another jury and it was necessary to send the sheriff out to pick up some additional talesmen to fill in with the regular jurors on the panel; there were more than three regular jurors on the panel but that many selected to try case." As qualified, the bill fails to reflect error.

There were many bills of exception to the court's failure to give in charge to the jury certain requested instructions; but we do not find such charges presented to us in the record, and therefore cannot appraise such bills.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

In his motion for rehearing appellant brings no new matters to our attention. We are still impressed with the correctness of our original opinion, and this motion is overruled.