EARL CRAIN V. STATE

No. 26,848.   May 5, 1954

*Ash and Abbott,* by *Theo Ash,* Abilene, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of beer and whisky in a dry area for the purpose of sale; the punishment, six months in jail and a fine of $200.00.

The original opinion affirming the judgment herein is withdrawn, and the following is substituted therefor.

Deputy Supervisor Bowman of the Texas Liquor Control Board testified that on the day in question, armed with a search warrant and accompanied by Officer Spann, he searched the Blue Goose Cafe, located at 802 East South Fifth, which he also described as appellant's house, that appellant was present and that he found therein five quarts of Falstaff beer. Bowman testified that "about 20 or so feet north" of appellant's house was a one-room house built like a street car, that he searched this house, which was unoccupied, and found therein twelve one-half pints of whisky and seven quarts of Falstaff beer.

The witness stated that the house where he found the whisky was north of the Crain house, facing on Henderson Street; that they were not structurally connected in any way; and he did not state that they were within the same enclosure or show that the appellant ever exercised any control over the same. The only evidence showing any connection whatsoever is a trail leading from the back door of the Blue Goose to the front door of the Henderson Street house; whether it stopped there is not shown. In view of the fact that appellant's house was also a business establishment frequented by others, together with the other facts heretofore set forth, we do not think that the evidence of the trial standing alone was sufficient to prove that the appellant had the whisky in his possession.

The quantity of beer found in appellant's home is not sufficient to raise the presumption that he had the same for the purpose of sale.

Since the evidence is insufficient to connect the appellant with the whisky and beer in the Henderson Street house, the conviction cannot be sustained.

Appellant's motion for rehearing is granted, and the judgment is now reversed and the cause remanded.