## C. S. CROPPER v. STATE

No. 27,069.   October 20, 1954

*C. O. McMillan*, Stephenville, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the possession of whisky for the purpose of sale in a dry area; the punishment, ninety days in jail and a fine of $500.

The sufficiency of the evidence to sustain the jury's verdict is the sole question presented by the appeal.

There is no proof in the record that appellant ever sold whisky, and the state relies upon the statutory presumption arising from the possession of more than a quart of whisky in a dry area.

Whether appellant was in possession of whisky other than the two pints he had in his hands is the fact question in issue, the state relying upon circumstantial evidence to show that he also possessed five other pints of whisky.

Sheriff Woody Young of Hamilton County was the only witness, it having been stipulated that Hamilton County was a dry area.

Sheriff Young testified that at a point some two and one half miles northwest of Hamilton he and his deputy discovered five pints of whisky under a discarded cedar Christmas tree by the side of a public road and some twelve or fifteen steps from a bridge.

The sheriff, soon after the discovery, secreted himself under the bridge. Later on the same day he heard an automobile stop and he emerged from his hiding place. He saw appellant standing at the rear of his car some twelve or fifteen steps from the bridge, and some ten feet from the old Christmas tree. Appellant had two pints of whisky in his hands, which he told the sheriff he had found.

The sheriff arrested appellant and proceeded with him to town. He soon returned and resumed his watch for a time, then took possession of the five pints hidden under the tree which had not been disturbed.

Examination of the bottles of whisky revealed that the seven pints of whisky were of the same brand and that some of the revenue stamps thereon were numbered consecutively.

The state contends that under the recent decision of this court in Cox v. State, (page 162, this volume), 267 S.W. 2d 830, the circumstances are sufficient to support a finding that appellant was in possession of the five pints of whisky under the discarded Christmas tree.

The jury was warranted in believing from the evidence mentioned that the five pints of whisky hidden under the tree and the two pints which appellant had in his hands came from the same source and from the same case of whisky. Though from a common source, there is nothing to exclude the hypothesis that it was stashed by another; that appellant found the two pints separately stashed just as the sheriff found the five pints.

Even though appellant arranged for whisky to be left near the bridge so that his "finding" of the two pints was no more than the completion of a sale or delivery thereof, he had not taken possession of any whisky other than the two pints.

While the evidence raises a strong suspicion of appellant's guilt, we cannot agree that the evidence shows him to have been in possession of a sufficient amount of whisky to give rise to the presumption that it was possessed by him for sale, without which presumption the evidence is insufficient to sustain the conviction.

The absence of any trail; the fact that appellant was shown to reside elsewhere while others lived on and traveled the public road, and the explanation made by appellant are sufficient to distinguish this case from that of Cox v. State, supra.

The judgment is reversed and the cause remanded.