FELIPE VENEGAS V. STATE

No. 29,630. March 12, 1958.
State's Motion for Rehearing Overruled
(Without Written Opinion) April 23, 1958.

*E. A. Blair*, Lubbock, for appellant.

*William J. Gillespie*, County Attorney, *James P. Brewster*, Assistant County Attorney, Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of beer for the purpose of sale

in a dry area; the punishment, 90 days in jail and a fine of $1,000.00.

Detective Keaton testified that on the night in question he and his fellow officer were stationed in the back yard of a house numbered 1506 F Street in the city of Lubbock watching a house numbered 1504, from which he had seen a number of people coming and going; that the appellant came out the back door of 1504 and approached the rear door of 1506, and had opened the screen door approximately six inches when he "jumped and said, 'Oh, I didn't see you.'" He stated that when his fellow officer approached the appellant he inquired who lived in 1506, where the appellant was going, and if there was anything in the house, to which questions the appellant answered "no one," that he was going to see a friend, and "no, you are welcome to look." At the conclusion of this conversation, the parties entered 1506 by opening the screen door and an unlocked wood door within, and found that it was vacant except for a large quantity of beer.

Officer Eckdahl corroborated Keaton's testimony, but added nothing thereto.

The appellant called his landlord, who was also the owner of 1506, and who testified that the appellant rented 1502 A and B from him but at no time had ever rented 1506, and that it was an entirely separate building. It is apparent from his testimony that appellant rented two-room apartments in a duplex type house which the landlord numbered 1502 A and B and the police numbered 1502 and 1504. He stated further that the last known tenant of 1506 had been one Dreen Rias, whose rent had expired approximately a week before the date charged in the information.

The appellant seriously challenges the sufficiency of the evidence to support the conviction and relies upon Baker v. State, 154 Texas Cr. Rep. 340, 227 S.W. 2d 567; Crutchfield v. State, 137 Texas Cr. Rep. 572, 132 S.W. 2d 357; Crain v. State, 160 Texas Cr. Rep. 87, 267 S.W. 2d 553; and Cropper v. State, 160 Texas Cr. Rep. 412, 271 S.W. 2d 818, in which this court held the evidence insufficient to support the convictions.

In Baker, the officers were watching a barn in which they had found a large quantity of intoxicants when the appellant drove up in the driveway and started toward the barn on foot. This court pointed out the absence of any testimony to show that

the accused exercised any ownership, possession or control of the barn.

In Crutchfield, the officers were out in a ravine when they saw the appellant and his brother and saw the appellant stoop over, at which time he was notified of the officers' presence. A later search revealed some intoxicants hidden in the ground where the appellant had stooped. This court pointed out that neither the appellant or his brother was ever shown to have touched the whiskey or taken the same into their possession.

In Crain, the officers searched the appellant's cafe, where they found some beer, but in order to bring into operation the statutory presumption the state had to rely upon intoxicants found in a one-room house some twenty feet away. This court held that, since the place where the first beer was found was a business establishment, the existence of a trail from it to the one room house was not sufficient to show that the appellant exercised any control over the one-room house.

In Cropper, the officers were watching a place on the highway where they had found a large quantity of intoxicants when the appellant drove up and was apprehended with two pints in his hand. This court held that the evidence was not sufficient to show that the appellant had more than two pints in his possession.

The state, on the other hand, relies upon Burns v. State, 139 Texas Cr. Rep. 518, 141 S.W. 2d 604; and Green v. State, 152 Texas Cr. Rep. 201, 211 S.W. 2d 949. Burns was very similar to Baker, supra, except that in Burns the appellant had the key to the barn in his possession and his companion McChristy testified that the appellant had proposed that he go down there with him to get some beer.

Green is very similar to Cropper, supra, except that the quantity of intoxicants in the accused's hands was sufficient to give rise to the presumption.

We have carefully examined the authorities relied upon and have concluded that the evidence here presented is insufficient to show that the appellant had the beer which was found in the vacant house in his possession.

The judgment is accordingly reversed and the cause remanded.

WOODLEY, Judge, dissenting.

As I see it, appellant's presence at the vacant house some fifteen feet from 1504; his opening the door; his statement to the officers that no one lived there and there was nothing in the house, and they were welcome to look, show that he was exercising some character of control over the house where a large quantity of beer was discovered.

These facts appear to distinguish this case from the cases cited.