CLYDE GREEN V. STATE.

No. 24028. May 5, 1948.
Appellant's Motion for Rehearing Overruled (Without Written
Opinion) June 23, 1948.

Hon. W. C. Parker, Judge Presiding.

L. D. Hartwell, of Greenville, for appellant.

Ernest S. Goens, State's Attorneye, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for possession of liquor for the purpose of sale in a dry area. The fine assessed was $100.00.

The sheriff received information that somebody had placed a package in some weeds by the side of a road leading north out of the City of Greenville. He followed the suggestion that he should investigate this and, upon making a search, found nine half-pints of whisky and also three pints. He took the nine half-pints of whisky in his car and returned to his office, leaving a deputy hidden behind some bushes and trees where he remained for something like forty minutes. Finally appellant came, stopped his car even with the whisky and only about ten feet from it; went directly to the place and picked up the three pints that were left there. He put one pint in his shirt and had a pint in each hand. The deputy sheriff came from his hiding, spoke to him, took charge of him and the whisky, carried him to the court house and filed a complaint. This summarizes all of the evidence in the case.

There are three bills of exception. The first two complain of the introduction of this testimony and it is our conclusion that the two bills are duplicitous. In the first part of the bills the complaint is that the witness was permitted to testify that he made a search down on North Walnut Street and found nine half pints of whisky and three pints of whisky hidden in some grass. The second part of the testimony complained of, in each bill, is to the effect that he had been told that someone put a package of whisky at that place. The objection as stated in the bill goes to all of the foregoing testimony "* * * because the same was hearsay and that the finding of said whisky in question was a result of hearsay." There can be no question that the testimony of the sheriff that he made a search and found this whisky is direct testimony and admissible against appellant, since he was connected with the whisky there by his subsequent appearance and taking possession of the three pints. The objection goes to all of the testimony and the court could not have sustained the objection without excluding testimony which was admissible without question. Furthermore, we are of the opinion that the second section was not objectionable. There is no statement that the appellant was that "someone" who placed it there.

The third bill of exception complains of the action of the court in admitting into evidence the nine half-pints of whisky. They were taken to the court house by the sheriff when first found. Appellant was not seen in possession of them. He did come to the very place, however, and took possession of the three pints which were hidden with the nine-half-pints. Possession of the three pints is sufficient circumstance to sustain the conviction. The finding of the nine half-pints in connection with it was an additional circumstance which the jury had a right to consider, under the facts of this case. They were properly admitted in evidence.

Finding no reversible error the judgment of the trial court is affirmed.