Marol Donna MAXON, Appellant,

v.

The STATE of Texas, Appellee.

No. 48212.

Court of Criminal Appeals of Texas.

March 27, 1974.

Ed Shaw, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough and Mike Maguire, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

BILL J. CORNELIUS, Commissioner.

Appellant was convicted of the offense of possession of heroin and assessed punishment of ten years' confinement. Two grounds for reversal are urged. The sufficiency of the evidence is not challenged.

Ground No. 1 contends that prejudicial error was committed when Officer Jim Murray was allowed, over appellant's objection, to testify as follows:

"Q  I am going to direct your attention to the 29th day of August of 1972, and ask you if you had occasion on that day to go to the vicinity of 1403 Blalock?

"A  Yes sir, I did.

"Q  All right sir, can you tell me what was it that first aroused your curiosity in relationship to that address?

"A  I received information that the people living at that address—

(Objection)

"THE COURT: Proceed.

"A  I received information that the people living at that address were dealing . . ."

The evidence showed that the address, 1403 Blalock, was a two-story red brick apartment complex called Blalock Townhouses. The complex contained eighteen

apartment units. The appellant lived in apartment No. 6.

 It is error for the State to introduce before the jury hearsay information which led the officers to the search when the issue of probable cause for the search is not before the jury, as it was not in this case. Dawson v. State, Tex.Cr.App., 477 S.W.2d 277; Vara v. State, Tex.Cr.App., 466 S.W.2d 315; Rosales v. State, Tex.Cr.App., 399 S.W.2d 541. However, when the hearsay evidence does not identify or connect the accused with the information, the error is not prejudicial. Green v. State, 153 Tex.Cr.R. 201, 211 S.W.2d 949. Here, there was no reference to the appellant by name or by any other identifying data. The address 1403 Blalock and the phrase "people living there" were the only references made. Since the address was that of an 18-unit apartment complex where many people lived, and there was no reference to appellant's apartment number, she was not prejudiced by the testimony.

In ground No. 2 the appellant asserts that the search warrant under which the search of her apartment was made was insufficient because it did not adequately describe the premises to be searched. The trial court conducted a hearing outside of the jury's presence concerning the validity of the search warrant and found that it was issued with probable cause and that it adequately described the premises to be searched.

 The affidavit and the search warrant described the properties as:

". . . a private apartment residence, designated as Apartment No. 6, The Blalock Townhouses, described as a two-story red brick multi-unit apartment building situated in the City of Houston, Harris County, Texas, located at 1403 Blalock . . ."

The front of the apartment complex is located on Blalock Street. It extends from Blalock Street at the front through the block to Post Oak Street at the back. Ap-

pellant contended that the address should have been listed as 1402 Post Oak, which was shown as the address at the back of the complex, rather than 1403 Blalock, and that the description was generally insufficient since the complex contained several apartments. We overrule appellant's contention in this regard. All that is required is that the affidavit or search warrant describe the premises to be searched with sufficient definiteness to enable the officers executing the warrant to locate the property and distinguish it from other places in the community. Rhodes v. State, 134 Tex.Cr.R. 553, 116 S.W.2d 395; Ex parte Flores, Tex.Cr.App., 452 S.W.2d 443. The search warrant here complied fully with such requirements. Although the address which was given referred to a multi-unit apartment complex, appellant's specific apartment, being Apartment No. 6, was specified. Therefore, the requirements of Haynes v. State, Tex.Cr.App., 475 S.W.2d 739, cited by appellant, were also met.

Appellant's grounds of error are overruled and the judgment is affirmed.

Opinion approved by the Court.