**Walter Ronald HAYNES, Appellant,**

v.

**The STATE of Texas, Appellee.***

**No. 55074.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 12, 1978.

Rehearing En Banc Denied Sept. 20, 1978.

* EDITOR'S NOTE: The opinion of the Court of Criminal Appeals of Texas in *Dorsey v. State,* published in the advance sheets at this citation (567 S.W.2d 518) was withdrawn from this volume and will be republished.

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Kenneth W. Sparks, Asst. Dist. Attys., Houston, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of heroin. After appellant had been found guilty by the jury, punishment was assessed by the court at ten years.

The appellant complains that the trial court erred "by allowing the witness R. E. Ashwood to testify over objection as to the contents of a hearsay conversation that he had with a confidential informer in connection with this case."

The record reflects that R. E. Ashwood was an officer with the Narcotics Division of the Houston Police Department. Ashwood testified that he came in contact with the appellant on January 28, 1976, at a house located at 1922 Debeney in Houston. Ashwood then testified as follows:

"Q. How did you happen to be at that particular location?

"A. I had received information from a credible informant that there was—

"MR. CHAMBERS [defense counsel]: Objection, if the court please as to what his information was.

"THE COURT: Sustain the objection.

"Q. Without going into what information you received, was the information that you received with regard to a certain residence, or with regard to certain persons?

"A. Yes, it was.

"Q. With regard to which, or both?

"A. To the residence and to three people.

"Q. Do you know which three people?

"A. At the time that the information was obtained, I didn't know the full names. I knew first names of each actor involved in this case.

"Q. Did one of the names match this defendant?

"A. Yes, sir.

"MR. CHAMBERS: If the court please, we would object to that. It constitutes hearsay testimony.

"THE COURT: Well, I overrule the objection.

"MR. CHAMBERS: Note our exception for the record."

The record reflects that Officer Ashwood was then asked, "And why were you going to arrest the people leaving that location?" to which appellant's counsel stated, "We have no objection as to what he did, but as to what his plan was—". The court ruled, "I think as it came in the objection is not tenable." The question, "Why were you going to arrest those three people there at that location?" was repeated and the witness answered, "They were supposed to have heroin in their possession."

■ It is well established that it is error to admit the hearsay testimony of an in-

former before a jury where probable cause is not in issue before the jury. *Torres v. State,* Tex.Cr., 552 S.W.2d 821; *Smith v. State,* Tex.Cr., 511 S.W.2d 296; *Barber v. State,* Tex.Cr., 481 S.W.2d 812; *Dawson v. State,* Tex.Cr., 477 S.W.2d 277; *Vara v. State,* Tex.Cr., 466 S.W.2d 315.

 In the instant case no issue of probable cause was before the jury. Ashwood's testimony as to what the informer told him was clearly hearsay. We hold that it was error for the court to overrule appellant's objection to such hearsay.

Whether or not such error is so harmful as to require reversal depends on the facts of each case. *Smith v. State,* supra; *Figueroa v. State,* Tex.Cr., 473 S.W.2d 202.

The record in the instant case reveals that as Ashwood approached the house at 1922 Debeney in response to the informer's tip the appellant left the house along with two other people. The other people were identified as Belinda Haynes, appellant's wife, and Ernest Castro, who also lived at the house. Ashwood had a uniformed patrol car stop the appellant's car. A search of the three revealed "four papers" of heroin on Castro. No "drugs or contraband" were found on appellant or his wife. Appellant then executed a written consent form allowing the officers to search the house at 1922 Debeney. The search of the house revealed two more "papers" of heroin in Castro's room. A search of the room appellant shared with his wife revealed only a baggie of marihuana in a lady's glove. A search of a cabinet over the sink in the kitchen revealed a hypodermic needle and a plastic measuring spoon. Martin Wuensch, a chemist with the Houston Police Department, testified that his analysis of these items for presence of narcotics was "negative." Also found in the cabinet was a metal measuring spoon which contained 3.8 milligrams of cooked heroin. The search also revealed a bag of toy balloons and a stack of tin foil cut into squares. All three residents of the house had open access to the kitchen. No heroin was ever found on the appellant or in any area under his exclusive control. Under these circumstances, we cannot say that the hearsay was harmless error.

The State relies on *Maxon v. State,* Tex. Cr., 507 S.W.2d 234, for the proposition that since appellant's name wasn't mentioned specifically, the error should be considered harmless. In *Maxon,* the testimony was that people living at a certain address were dealing in heroin. The address was an "18-unit apartment complex where many people lived, and there was no reference to appellant's apartment number." In the instant case, Ashwood was asked: "Did one of the names *match this defendant.*" [Emphasis added.] This question specifically linked the appellant to the information given by the informant. Thereafter, the witness testified that he was going to arrest the three people at the residence because "They were supposed to have heroin in their possession." *Maxon* is clearly distinguishable from the instant case.

The judgment is reversed and the cause remanded.