**Charles Edward SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55818.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 20, 1978.

---

3. This list is not exclusive. See *Albrecht v. State*, 486 S.W.2d 97 and cases cited therein.

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and William E. Taylor, III, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a vehicle. V.T.C.A. Penal Code, Sec. 30.04. Punishment, enhanced by two prior convictions, was assessed at life.

In separate grounds of error, appellant contends that the court erred in admitting two hearsay statements into evidence. Since we find these grounds of error dispositive of the case, we develop the facts only insofar as they are necessary to a discussion of these contentions.

Appellant's conviction was based on the burglary of a vehicle that occurred between 3:00 p. m. and 4:00 p. m. on December 9, 1975. The complaining witness testified that during that time someone entered his locked truck on Foley's parking lot in Northwest Mall in Houston and took a Citizens Band (C.B.) radio and a tool box. This radio and tool box were found by police officers in a red van in which the appellant was riding at approximately 5:00 p. m. on the same day. A search of the appellant revealed two screwdrivers, a knife, and wire cutters. No other connections between the break-in and the appellant were shown.

The officers had stopped the van after they had been approached in a Woolco parking lot by an unidentified teenage girl and told that a red van at a nearby intersection had been stolen from the Woolco parking lot. She stated that she had heard this information over her C.B. radio. The officers could see a red van at that intersection as the girl talked to them.

After the officers stopped the red van, an unidentified man approached the officers and told them that he had heard over his C.B. radio that someone in a red van had been attempting to break into an automobile on the Woolco parking lot. A subsequent search of the van revealed the property stolen in the previous break-in of the truck on Foley's parking lot.

The testimony complained of was by Officer McSwain, the arresting officer. His testimony before the jury was as follows:

"Q. And who did this person talk to when she came up to your police vehicle?

"A. She came up to my side of the car which is the passenger side.

"Q. And what was it that she told you?

"MR. MOORE [defense counsel]: I'm going to object to that, Judge. I'd like to have the jury removed. This is the subject of our motion.

"THE COURT: Overruled.

"MR. MOORE: Note my exception, Your Honor.

"We would object further as to what she told him as being hearsay to this defendant unless it can be shown he was present at that time.

"THE COURT: Overruled at this time.

"MR. MOORE: Note my exception.

"Q. (By Mr. Taylor [prosecutor]): What did she state?

"A. She said she heard over the CB radio that the van at the intersection of Long Point and Campbell was stolen, and she heard it over a CB radio.

"MR. MOORE: We'd object to this, Judge, being hearsay as to this defendant, not being shown the source—

"THE COURT: Overruled."

After further questioning the appellant again requested that the jury be removed for a hearing on his motion to suppress. After a hearing was held, the jury returned and the following testimony was elicited from Officer McSwain regarding a conversation with another C.B. operator:

"Q. And subsequent to your partner going and looking for the VIN [vehicle identification] number, was there anything else—was there any other conversation in this defendant's presence concerning the occurrence that you were investigating?

"A. That's correct.

"Q. Okay. What was that?

"A. The other CB operator—

"Q. Yes.

"A. —stating that he had heard—

"MR. MOORE: Again, Your Honor, I'm going to object to somebody stating what he heard. This would be hearsay.

"MR. TAYLOR: It's in the presence of this defendant, Your Honor, and it's res gestae of this particular occurrence.

"THE COURT: Who was present? Was the defendant present?

"THE WITNESS: Sir? Yes, sir.

"THE COURT: Overruled.

"MR. MOORE: Note my exception, Your Honor, as to the hearsay.

"THE COURT: I will do that.

"A. He stated that he had heard over his CB radio that a red van—someone operating a red van had been seen attempting to break into a pickup truck in a parking lot—at the Woolco parking lot.

"Q. And this occurrence took place in the presence of this defendant and the Defendant Zataratous [driver of the van] and your partner and yourself, is that correct?

"A. Yes, sir.

"Q. And subsequent to that what did your partner do, if anything?

"A. My partner walked up to the vehicle and opened the door and looked inside."

All the testimony set out above was also elicited at the hearing on appellant's motion to suppress, at the conclusion of which the court ruled that the articles seized in the search of the van were admissible. No issue was submitted to the jury regarding the search.

The appellant did not testify at trial. The driver of the van arrested with him took the stand but asserted his Fifth Amendment privilege and refused to testify.

Appellant contends that although this hearsay was admissible on the issue of probable cause at the suppression hearing, this was not an issue for the jury's determination.

■ Hearsay testimony relating to the existence of probable cause is not admissible if no issue of probable cause is before the jury. *Haynes v. State,* Tex.Cr.App., 567 S.W.2d 518; *Torres v. State,* Tex.Cr.App., 552 S.W.2d 821; *Smith v. State,* Tex.Cr. App., 511 S.W.2d 296; *Maxon v. State,* Tex. Cr.App., 507 S.W.2d 234; *Barber v. State,* Tex.Cr.App., 481 S.W.2d 812; *Dawson v. State,* Tex.Cr.App., 477 S.W.2d 277; *Vara v. State,* Tex.Cr.App., 466 S.W.2d 315.

Whether the admission of such hearsay testimony is reversible error depends on the facts of each case. See *Torres v. State, supra; Smith v. State, supra; Maxon v. State, supra; Vara v. State, supra.*

■ In the present case, the evidence against the appellant was circumstantial. It showed him to be in a van in which stolen property was found soon after that property had been stolen, and in possession of items useful to gain entry and remove a radio from an automobile.

■ Under these circumstances, we cannot say that the hearsay testimony of the officer regarding what two people had told

him that they had heard over their C.B. radios was harmless. The error in the admission of these hearsay statements requires reversal of this cause.

The judgment is reversed and the cause remanded.