Lorenzo D. **PEREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 64054.

Court of Criminal Appeals of Texas, En Banc.

Oct. 24, 1984.

Bonner Smith, Ralls, for appellant.

John T. Montford, Dist. Atty. and Jim B. Darnell, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a vehicle. Punishment was assessed at ten years.

In his first two grounds of error appellant asserts error under the Speedy Trial Act. Art. 32A.02, V.A.C.C.P. The record shows the following sequence of events. Appellant was arrested on October 14, 1978. He was indicted for burglary of a vehicle in trial court cause number 19,144 on November 9, and the State filed a written announcement of ready in that case on November 15. The following January 12 appellant was reindicted in cause number 19,320, on allegations of the same crime, plus a prior conviction alleged for enhancement. The State's motion to dismiss the indictment in cause 19,144, for the stated reason of reindictment in cause 19,320, was

granted on February 26. Trial commenced March 26, well past the statutory 120 days from arrest on October 14. Art. 32A.02, Sec. 1(1), supra.

The State argues that its announcement of ready on November 15, well within the statutory period, was sufficient to make a prima facie showing of compliance with the Act and invoke the rule of *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr. App.1979). With this argument we are in agreement. Although in *Richardson v. State*, 629 S.W.2d 164 (Tex.App.—Dallas 1982), the court held that an announcement of ready in one case did not constitute an announcement of ready on a "reindictment," we find that case distinguishable. In *Richardson* the defendant was first indicted for theft and then "reindicted" for burglary of a vehicle. Although both offenses involved the same complaining witness and arose out of the same transaction, they were not the same case, and therefore the Court of Appeals properly held the State's announcement of ready in the theft case did not apply to the burglary case. In this case the reindictment was for the same case as that in which the State had timely announced ready. The second indictment simply added a punishment allegation for enhancement purposes. The first two grounds of error are overruled.

In his remaining ground of error appellant complains of hearsay admitted over objection. The record reflects:

"Q. All right. What were the circumstances immediately proceeding [sic] your contact with him?

"A. Myself and Officer Taylor had been sent to the area around 14th and Avenue J to investigate a report of a Mexican male prowling cars in the area—

"MR. BRACKETT: Your Honor, I object to this as being hearsay.

"THE COURT: Overruled.

"MR. BRACKETT: Note our exception.

"THE COURT: Noted.

"Q. You had a report?

"A. Yes.

"Q. All right.

"A. We had a report of a Mexican male prowling cars in that area."

It is true, as appellant contends, that hearsay relating to probable cause is not admissible before the jury when the issue of probable cause is not raised before the jury. *Smith v. State*, 574 S.W.2d 555 (Tex. Cr.App.1978); *Smith v. State*, 511 S.W.2d 296 (Tex.Cr.App.1974); *Vara v. State*, 466 S.W.2d 315 (Tex.Cr.App.1971). Nevertheless, such error is not always reversible. In *Maxon v. State*, 507 S.W.2d 234 (Tex.Cr. App.1974), the Court considered the issue and held:

"... when the hearsay evidence does not identify or connect the accused with the information, the error is not prejudicial. *Green v. State*, 152 Tex.Cr.R. 201, 211 S.W.2d 949. Here, there was no reference to the appellant by name or by any other identifying data. The address 1403 Blalock and the phrase 'people living there' were the only references made. Since the address was that of an 18-unit apartment complex where many people lived, and there was no reference to appellant's apartment number, she was not prejudiced by the testimony."

The facts in this case are even less prejudicial than those in *Maxon*, and are clearly distinguishable from those in *Smith, Smith,* and *Vara*, supra.

The ground of error is overruled.

The judgment is affirmed.

CLINTON, Judge, dissenting.

By holding that the announcement of ready on the first indictment carries over to the subsequent indictment, the majority glosses over the significance of an enhancement or repeater allegation and misconstrues the Speedy Trial Act.

Asserting the subsequent indictment "simply added a punishment allegation for enhancement purposes," the majority ignores the fact that the State had substantially enlarged its burden of proof. As the author of the majority opinion observed in *Henson v. State*, 530 S.W.2d 584 (Tex.Cr. App.1975):

"Such additional [enhancement] allegations were not minor alterations of the pleadings but constituted new allegations *unrelated to the original offense,* that might have substantively affected the accused's *preparation for trial,* .... [emphasis supplied]."

Since a prior conviction allegation adds to the State's burden of proof in a substantial way, the *State's* preparation for trial is commensurately affected—or certainly *should be* affected.[1] In this case the State did not assert it was ready to meet its burden of proof on the added allegation until the day of trial, more than two months after the 120 days had run.

While I have been able, for purposes of the Speedy Trial Act, to see the merit in assigning a presumption of readiness to a prosecutor's bare announcement of it at any point after the criminal action has commenced, it defies common sense, and certainly logic, to say the prosecutor is thereby presumed to be *also* ready on any substantial allegation he may add *in the future*!

The majority's purported distinction between the circumstances presented here and those in *Richardson v. State*, 629 S.W.2d 164 (Tex.App.—Dallas 1982)—that here the State has not altered "the case" charging the primary offense—does not justify obviation of a timely announcement of ready on the second and ultimate indictment on which appellant was tried.[2]

1. Given the number of cases this Court and the courts of appeals must remand for new punishment hearings or reverse, on account of the State's failure to establish the finality, sequence, evidentiary sufficiency, etc., of prior convictions alleged for punishment increases, it appears that prosecutors may already critically underestimate the amount of preparation which attends

such allegations. Today the Court sanctions this without any explication.

2. The author of the majority opinion also wrote the opinion for the Court in *Rosebury v. State*, 659 S.W.2d 655 (Tex.Cr.App.1983) and there, as here, relied indirectly on the reasoning of the court of appeals in *Richardson*, supra: that the

To another example of the unreasoned extreme to which the Court will go to deny relief under the Speedy Trial Act, I must dissent.

TEAGUE, J., joins.

critical feature (when successive indictments are involved) is whether they are "subject to different proof" for purposes of determining whether an act by either party on the first, should carry over to those succeeding it. It essentially distills to a question of the intent of the parties.

I would think this reasoning should influence the Court in the instant case as well, and in all sincerity do not understand the majority's action today.