Joe Angel **CORTEZ**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–83–217–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 20, 1985.

Anderson, Anderson & Rodriguez and Rosendo Rodriguez, Jr., Wichita Falls, for appellant.

Harold Lerew, Dist. Atty., Wichita Falls, for State.

Before FENDER, C.J., and HUGHES and GRAY, JJ.

## OPINION

FENDER, Chief Justice.

Appellant was indicted for possession of more than five but less than fifty pounds of marihuana. A jury convicted him of the

lesser included offense of possession of more than four ounces (but less than five pounds) of marihuana. His punishment was fixed at seven years. He now appeals on some fourteen grounds of error.

We affirm.

Pursuant to a search warrant two Wichita Falls police officers went to premises rented by appellant and occupied by him together with his wife and two minor children, a son 12 years old and a daughter aged 10. Upon entry one officer smelled the odor of marihuana. The officer found appellant in a bedroom lying on the bed watching television. In the closet of such bedroom the officer found a suitcase which contained a white plastic trash bag and a plastic bag containing a usable quantity of marihuana. In a nearby hallway (where the odor of marihuana was strong) the officer found an ice chest that contained several empty plastic baggies.

The other officer searched the attached garage where he found a green trash bag which contained several baggies of marihuana and a brown paper bag which also contained marihuana. The baggies in the garage were similar to the baggies in the ice chest. All items in the garage were dusty (the garage was open by reason of having no door) except the green trash bag and the brown paper bag which thus appeared to have been recently placed therein.

■ In his first ground of error appellant attacks the sufficiency of the evidence to support the verdict of the jury. In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the jury's verdict and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (on rehearing). A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Jackson v. Virginia*, 443 U.S. 307, 317–18,

99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). Thus it follows that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State*, 673 S.W.2d 190 (Tex.Crim.App.1984); *Wilson v. State, supra*, at 471; *Williams v. State*, 631 S.W.2d 171, 173 (Tex.Crim. App.1982).

In this case, as in many cases brought before our appellate courts, it is difficult to determine with certainty whether the State maintains that they have direct evidence or circumstantial evidence. Without reaching a decision on this question, the evidence will be tested under the principles of circumstantial evidence, since no known decisions on direct evidence would pose more stringent requirements under the facts before us.

■ An examination of the record reflects the following affirmative links between the appellant and the contraband seized on the occasion in question:

1. The house is rented by the appellant.

2. He and his immediate family (two "tween-age" children and his wife) were the only persons present.

3. The officers observed nothing to indicate that anyone other than appellant and his immediate family resided on the premises.

4. The garage adjoins the house.

5. Marihuana was found in the closet in the defendant's bedroom inside a suitcase.

6. A central hallway was permeated with a very strong odor of marihuana in its harvested state.

7. There were plastic baggies in the hallway area similar to the 28 baggies containing marihuana found in the garage.

8. The smell of marihuana in the hallway area was strong enough that any occupant of the house should have been able to detect it.

9. Two bags containing marihuana were found in the adjoining garage.

10. The two bags had no dust on them although everything else in the garage was dusty.

There can be no other explanation for the strong smell of marihuana in the hallway than the recent presence of marihuana in that location. The lack of dust on the plastic trash bag and the brown paper bag found in the garage (where all else was dusty) can only lead to the conclusion that the bags were quite recently placed there. In the absence of any explanatory testimony, it is not illogical for the jurors to conclude that the marihuana in the garage had recently been exposed to the air in or near the hallway and then deposited (in sealed packages) in the garage.

The right of a defendant to rely on the State's burden of proof (and thus decline to call witnesses) is well recognized. However, in this case appellant called his brother to the witness stand to testify generally to the effect that his (the brother's) two teen-age sons had been living with appellant at the time of the search. Having availed himself of the opportunity to offer his brother's testimony, it is singular to note that no effort was made to place upon the stand his wife or either of his two children, all of whom were present at the time of the search. Nor was any apparent effort made to secure the testimony of the nephews.

We conclude that the evidence was sufficient to sustain the verdict of the jury and also to eliminate any other *reasonable* hypothesis. We need not then discuss whether the finding of marihuana in a suitcase in his room where he was present constitutes direct evidence of his guilt. Ground of error number one is overruled.

In ground of error number two appellant complains of the failure of the trial court to grant a motion to quash which asked dismissal of the indictment because it failed to specify the type of "possession" charged to appellant. Appellant cites no case directly in point. Appellant urges that we must look to TEX.PENAL CODE ANN. sec.

6.01(b), where "possession" is defined in alternative terms, i.e., "knowingly obtains or receives the thing possessed *or* is aware of his control of the thing for a sufficient time to permit him to terminate his control." (Emphasis added.)

Appellant attempts to differentiate this general definition of possession which is contained in that section of the Penal Code requiring that offenses must be "voluntary" from the specific provision set forth in the Texas Controlled Substances Act, sec. 1.02(23), which states: " 'Possession' means actual care, custody, control or management," and to require the State in its indictment to choose one of the alternative definitions in sec. 6.01(b). He undertakes to buttress this argument by showing that the court used the sec. 6.01(b) definition in the charge to the jury.

In *Phelps v. State*, 623 S.W.2d 936 (Tex.Crim.App.1981) the Court of Criminal Appeals held that the word "possession" is sufficient in an indictment to charge an offense under the Texas Controlled Substances Act without further definition and that the term "possession" describes a relationship to property, not an act or omission of the defendant. The Controlled Substances Act is silent as to voluntariness, hence the trial court quite properly drew upon sec. 6.01(b) of the Penal Code to demonstrate to the jury that involuntary acts are not offenses. Appellant made no objection to the manner in which the court so applied the law on voluntary action in the charge to the jury, hence nothing is preserved for review here. Ground of error number two is overruled.

In grounds of error three, four and five, appellant complains of the action of the trial court in excusing three venire persons from service on the jury when no objection or challenge had been levelled by the State. The record reflects that each prospective juror stated directly to the court that he or she could not consider the full range of punishment. In each instance defense counsel registered an objection that the court refused to permit counsel to

"rehabilitate" the juror. At no time was any objection directed to the court concerning the lack of challenge by counsel. Where the objection made at trial does not comport with the ground of error on appeal nothing is preserved for review. *Boyd v. State,* 643 S.W.2d 700, 706 (Tex.Crim.App. 1982). These three grounds of error are overruled.

■ In grounds of error six and seven, appellant complains of the admission, over objection, of two statements by one of the investigating officers on the ground that such were hearsay. The two statements (one right after the other) were:

(1) "A confidential informant advised me of a subject on Britain Street that had a quantity of marihuana." [objection].

(2) "After taking the information from the confidential informant, I applied for a search warrant." [objection].

Appellant's reliance on *Smith v. State,* 574 S.W.2d 555 (Tex.Crim.App.1978) and *Haynes v. State,* 567 S.W.2d 518 (Tex.Crim. App.1978) is misplaced. In each of those decisions the testifying officer related statements that identified the defendant as the person possessing the contraband. The instant cause reflects only general information much like the testimony in *Maxon v. State,* 507 S.W.2d 234 (Tex.Crim.App.1974) which referred to a location but did not specify the individual. These two grounds of error are overruled.

■ In ground of error number eight appellant complains of the refusal of the trial court to require the State to identify the confidential informant in this cause where a State's witness referred to certain information furnished by the informant. The established rule on disclosure protects the identity of the informant unless (1) the informant participated in the offense; (2) the informant was present at the time of the offense or arrest; or (3) the informant was otherwise shown to be a material witness (a) to the transaction or (b) as to whether appellant knowingly committed the act charged. See *Rodriguez v. State,* 614 S.W.2d 448 (Tex.Crim.App.1981).

Appellant has failed to demonstrate that the informant in this cause falls into any one of these categories. Ground of error number eight is overruled.

■ In grounds of error nine and ten appellant complains of error because, during a recess, the trial judge was contacted by a juror (in the courthouse corridor) who asked the judge about some of the testimony concerning the odor of marihuana. The judge told the juror he could not ask a question of the witness and that the juror would just have to consider the testimony and make up his own mind about the evidence. Such a response cannot be considered as an "instruction" to the juror. It is always unfortunate when any contact takes place between a juror and any person not a juror where anything is said which is remotely connected with the case. But this record does not reflect any statement by the judge which could have influenced the juror or in any way indicate that the judge had any feeling about the guilt or innocence of the appellant or any feeling about the truthfulness of any witness. Grounds of error nine and ten are overruled.

The next three grounds of error are directed at arguments made by the prosecutor during summation at the close of the case. We find no error therein and overrule grounds of error eleven, twelve and thirteen.

■ In ground of error number fourteen appellant complains of error when the court (while instructing the jurors on proper use of the verdict forms) said "We, the jury, assess the defendant, Joe Angel Cortez's punishment at four—at blank years confinement in the Texas..." When counsel made his objection the judge instructed the jury "You are instructed to disregard that slip of the tongue that the Court made." Even if the inadvertent statement of the judge be construed as error, the prompt instruction to disregard was sufficient to cure same.

The judgment of the trial court is affirmed.