Gary Wayne HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00324–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 11, 1992.

Larry P. Urquhart, Houston, for appellant.

Travis J. Koehn, Crim. Dist. Atty., Jose Contreras, Asst. Crim. Dist. Atty., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and DUNN, JJ.

OPINION

WILSON, Justice.

A jury found appellant guilty of possession of less than 28 grams of cocaine, and assessed punishment at 15–years confinement. On appeal, appellant argues there was insufficient nonaccomplice evidence to connect appellant with the cocaine, and that the trial court erred by allowing hearsay "probable cause" statements into evidence. We reverse and remand for a new trial.

Simon Campos, an investigator for the Sealy Police Department, received a tip from an unidentified informant who told Campos that appellant and two other persons, Essie Mae Manuel and Ray Lockett, had gone to Houston to buy narcotics for the purpose of selling them in Sealy. The informant told Campos that the trio would return to Sealy in a brown Ford Granada, and gave a detailed description of the route they would use.

Based on this information, Campos and another investigator set up surveillance of the route described by the informant. After seeing the car fitting the description given by the informant, Campos began to follow the car. Campos notified several police officers in marked patrol cars of the situation, and these officers also began to follow the suspect car. After following the car a short distance, Campos signaled one of the marked police vehicles to pull the car over.

Officer Jim Armstrong of the Sealy Police Department attempted to stop the suspect vehicle by activating his overhead lights and his police siren, but the suspects did not stop. As he followed the suspects, Armstrong noticed the three of them were making movements that, based on his police experience, he believed to be consistent with those of someone trying to hide or dispose of something. Campos also noticed appellant making unusual movements in the backseat, consisting of his moving sideways and leaning over the right-hand side of the front seat. Armstrong finally managed to stop the suspects by pulling in front of their vehicle, and cutting them off.

The driver, identified as Lockett, and appellant, who was in the backseat of the vehicle, both refused Armstrong's request that they get out of the car, and had to be removed by force. Manuel, who was in the front, passenger seat, complied with the officer's request that she exit the vehicle. A search of the car produced a "straight shooter," an instrument used to smoke crack cocaine, with trace amounts of cocaine in it. Unable to find any more cocaine in the car, Campos questioned Manuel about the cocaine, and she produced a match box containing a razor blade and several rocks of cocaine that she had been hiding in her underwear. Manuel told Campos the cocaine belonged to appellant, and that when the police began to follow them, he had given it to her and asked her to hide it. Subsequently, both appellant and Manuel were arrested.

In his first point of error, appellant contends the evidence adduced at trial was insufficient to corroborate the testimony of Manuel, an accomplice witness. No one may be convicted on the basis of accomplice testimony without other evidence that corroborates the accomplice testimony, and tends to connect the defendant with the commission of the charged offense. *Cockrum v. State*, 758 S.W.2d 577, 581 (Tex.Crim.App.1988). The test for weighing the sufficiency of the corroborative evidence is to eliminate from consideration the testimony of the accomplice witness, and then examine the testimony of other witnesses to ascertain if there is evidence which tends to connect the accused with the commission of the offense. *Reed v. State*, 744 S.W.2d 112, 125 (Tex.Crim.App. 1988). The corroborative evidence may be circumstantial or direct. *Id.* at 126. It is not necessary that the corroboration directly link the accused to the crime or be sufficient in itself to establish guilt. *Id.* Insignificant circumstances sometimes af-

ford most satisfactory evidence of guilt and corroboration of accomplice-witness testimony. *Id.*

Suspicious and furtive behavior has been held sufficient to corroborate accomplice-witness testimony. *See Cockrum,* 758 S.W.2d at 581; *Brown v. State,* 672 S.W.2d 487, 489 (Tex.Crim.App.1984); *Kelley v. State,* 807 S.W.2d 810, 816 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd); *O'Shea v. State,* 740 S.W.2d 527, 528 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Furthermore, proof that an accused was at the scene of the crime at the time of its commission may tend to connect the accused with the commission of a crime so as to furnish sufficient corroboration to support a conviction. *Passmore v. State,* 617 S.W.2d 682, 684 (Tex.Crim.App.1981). Sufficient corroboration of the testimony of an accomplice to warrant a conviction may also be furnished by the presence of the accused in the company of the accomplice. *Id.* at 684–85.

According to the accomplice-witness standard, we must ignore the testimony of Manuel, and examine the testimony of the remaining witnesses and determine if it tends to connect appellant to the commission of the offense of possession of cocaine. Campos and Armstrong were the only other witnesses to give testimony tending to link appellant with the commission of the crime. Therefore, we will focus on their testimony.

Both Campos and Armstrong testified that they saw appellant engage in furtive gestures as they followed the suspect vehicle. Campos, who was directly behind appellant's vehicle, testified that he saw appellant move sideways and lean over the front seat toward the side of the car where Manuel was sitting. These movements caused Campos to believe a weapon might be present.

Armstrong testified that he observed a lot of movement by the three persons in the suspect vehicle as he followed it. He stated the movement was "primarily from the back to the front." Based on his police experience, the movements of appellant appeared to be those of someone trying to hide or dispose of something. This testimony is consistent with Manuel's testimony that appellant leaned over the front seat when the police began following them, and gave her the cocaine to hide. Therefore, this suspicious behavior, coupled with the presence of appellant in the company of Manuel at the time of the offense, provides sufficient corroboration of Manuel's testimony to support appellant's conviction. Appellant's first point of error is overruled.

In his remaining three points of error, appellant argues the trial court erred by allowing Campos to testify to information the unidentified informant told him, over defense counsel's hearsay objections. Appellant specifically objected to three statements Campos testified the informant had told him: (1) that appellant would be in possession of cocaine; (2) that appellant would be in a brown Ford Granada with Ray Lockett and Essie Mae Manuel; and (3) that appellant would enter Sealy from a particular route.

The State argues that these statements were admissible because they were not admitted to establish the "truth of the matter asserted," but rather were admitted to show that the police officers had probable cause to stop the suspects. However, hearsay testimony relating to the existence of probable cause is not admissible if no issue of probable cause is before the jury. *Smith v. State,* 574 S.W.2d 555, 557 (Tex. Crim.App.1978). In the present case, there was no issue of probable cause before the jury. The specific offer of the State that the testimony was not admitted for purposes of establishing the truth of the matter asserted but to show reason for the conduct of the officers has been rejected in *Hill v. State,* 817 S.W.2d 816, 818 (Tex. App.—Eastland 1991, pet. ref'd). Therefore, the hearsay testimony was inadmissible, and the trial court erred by allowing it into evidence over defense counsel's objection. *Smith,* 574 S.W.2d at 557.

Having determined that the admission of the hearsay statements was error, we must turn to the facts of this case to decide whether the error requires reversal. *Id.*

If there is error in the proceedings, the judgment must be reversed, unless the reviewing court determines beyond a reasonable doubt that the error made no contribution to the conviction. *Stahl v. State*, 749 S.W.2d 826, 831 (Tex.Crim.App.1988); Tex. R.App.P. 81(b)(2).

■ In this case, the only incriminating evidence, other than the hearsay statements, was Manuel's testimony and the police officers' observations of appellant's suspicious movements. The strength of Manuel's testimony was diminished by the fact that she was an accomplice witness, and the officers' observations of appellant's movements amounted to circumstantial evidence. Under these circumstances, it cannot be said beyond a reasonable doubt that the hearsay evidence made no contribution to appellant's conviction. In fact, the inadmissible testimony went to the heart of the dispute. Accordingly, appellant's final three points of error are sustained, and the judgment is reversed and the cause remanded for a new trial.