Kenneth Earl McCULLOUGH,
Appellant,

v.

The STATE of Texas, Appellee.

No. 14–00–00430–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 13, 2001.

Discretionary Review Refused
May 29, 2002.

Frances M. Northcutt, Houston, for appellant.

Kevin P. Keating, Dist. Atty's Office, Harris County, Houston, for appellee.

Panel consists of Justices EDELMAN, FROST, and BAIRD.[*]

## PLURALITY OPINION

RICHARD H. EDELMAN, Justice.

Kenneth Earl McCullough appeals a conviction for aggravated robbery[1] on the ground that his trial counsel's failure to object to hearsay testimony denied appellant effective assistance of counsel. We affirm.

___

[*] Former Judge Charles F. Baird sitting by assignment.

■ To prevail on a claim of ineffective assistance of counsel, an appellant must show, first, that counsel's performance was deficient, i.e., it fell below an objective standard of reasonableness, and, second, that the appellant was prejudiced in that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Varelas,* 45 S.W.3d 627, 629 (Tex. Crim.App.2001). To be sustained, an allegation of ineffective assistance of counsel must be affirmatively demonstrated by the record. *Varelas,* 45 S.W.3d at 629.

■ Moreover, in reviewing ineffectiveness claims, scrutiny of counsel's performance must be highly deferential. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. A court must indulge, and a defendant must overcome, a strong presumption that the challenged action might be considered sound trial strategy under the circumstances. *Id.* A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time. *Id.* Thus, the presumption that an attorney's actions were sound trial strategy ordinarily cannot be overcome absent evidence in the record of the attorney's reasons for his conduct. *Busby v. State,* 990 S.W.2d 263, 268–69 (Tex.Crim.App.1999), *cert. denied,* 528 U.S. 1081, 120 S.Ct. 803, 145 L.Ed.2d 676 (2000).

■ In this case, at the beginning of trial, counsel requested a ruling on an oral "motion in limine." He then described the evidence whereby appellant had come to the attention of the police by way of a

___

1. A jury found appellant guilty and sentenced him to 25 years confinement.

Crime Stoppers telephone tip[2] and asked that this hearsay evidence *"not be included for the consideration of the jury in this cause"* (emphasis added). The State argued that the testimony was not hearsay because it was not being offered to prove the truth of the matter asserted, *i.e.,* that appellant had committed the offense, but only to show the reasons for the officer's actions in putting appellant's photo in a photo spread. The trial court denied defense counsel's motion.

To the extent the purported motion in limine sought to have the evidence excluded, rather than merely requiring the State to approach the bench or obtain a ruling on its admissibility before introducing it,[3] it was, in effect, a motion to suppress the evidence, and counsel did not fail to object to the hearsay testimony and was, thus, not ineffective for failing to object. Conversely, to the extent the purported motion in limine was not an objection, appellant has failed to rebut the presumption of sound trial strategy by failing to develop a record of his counsel's reason for asserting no objection.

█ Likewise, this was not a situation in which reasonable counsel could not have failed to seek exclusion of the complained of testimony because: (1) it was expressly

offered only for the purpose of showing how appellant came to be a suspect in the case, and was admissible for that purpose;[4] and (2) the evidence of the anonymous tip was of little consequence in that the eyewitness's identification of appellant was unequivocal and unimpeached. Because appellant's sole point of error thus fails to demonstrate ineffective assistance of counsel, it is overruled, and the judgment of the trial court is affirmed.

FROST, J., concurring.

BAIRD, J., dissenting.

KEM THOMPSON FROST, Justice, concurring.

I concur with the plurality opinion that appellant's sole point of error should be overruled and the trial court's judgment should be affirmed. Even if the evidence concerning the Crime Stoppers tip were inadmissible and even if trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, appellant has not satisfied the second prong of *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The second prong of *Strickland* requires the appellant

2. At trial, Houston Police Officer Rivera testified that: "The tip that we got gave us the name of a Kenneth McCullough that was responsible for robbing this hotel." After receiving the tip, Rivera obtained a photograph of appellant and placed it in a photo spread from which the complainant identified appellant as the person who robbed her.

3. *See, e.g., State v. Monroe,* 813 S.W.2d 701, 702 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd) (distinguishing between motion to suppress and motion in limine on this basis).

4. *See, e.g., Dinkins v. State,* 894 S.W.2d 330, 347–48 (Tex.Crim.App.1995), *cert. denied,* 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995). To the extent the evidence was ad-

missible *only* for that purpose, defense counsel could have asked for a limiting instruction. *See* Tex.R.Evid. 105(a) (when evidence which is admissible for one purpose but not admissible for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such a request, the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.) Whether counsel was deficient for not requesting a limiting instruction or whether appellant could have been harmed by the failure to do so is not before us because appellant complains only that the evidence was wholly inadmissible and should have been objected to as such.

to show prejudice resulting from the deficient performance of his attorney. *See Hernandez v. State,* 988 S.W.2d 770, 772 (Tex.Crim.App.1999). To establish prejudice, the appellant must prove there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Jackson v. State,* 973 S.W.2d 954, 956 (Tex.Crim.App.1998). A reasonable probability is "a probability sufficient to undermine confidence in the outcome of the proceedings." *Id.*

As the plurality opinion points out, the testimony of the eyewitness to the offense was unequivocal and unimpeached. The testimony about the Crime Stoppers tips, including the one regarding appellant, was in the context of a routine explanation as to how the police investigation proceeded. At a minimum, the State was entitled to elicit some testimony regarding the Crime Stoppers tip as the reason why the police included appellant's picture in the photo spread. *See Dinkins v. State,* 894 S.W.2d 330, 347 (Tex.Crim.App.1995). Even if we presume the inadmissibility of the police officer's statement that the tip indicated appellant was responsible for the robbery, the evidence in the record does not show there is a reasonable probability that, but for the admission of this statement into evidence, the result of the proceeding would have been different. Appellant has not satisfied the second prong of *Strickland.* For this reason, the court is correct in overruling appellant's sole point of error and affirming the trial court's judgment.

CHARLES F. BAIRD, Justice, dissenting.

Appellant's sole point of error contends trial counsel was ineffective in failing to object to inadmissible hearsay. The plurality overrules that point of error, but in doing so employs an incorrect legal analysis, and creates arguments that are factually untrue and legally incorrect. Therefore, I lodge this dissent.

## I. Factual Summary

Prior to trial, counsel presented an oral motion in limine requesting the State not be permitted to introduce evidence of appellant being the subject of an informant's tip to the Crime Stoppers organization. The trial court denied the motion. Later, Mike Rivera, a sergeant in the robbery division of the Houston Police Department, testified regarding his investigation of the instant offense, the robbery of a hotel clerk.

Q. Now, when you initially received a case, did you ... have any suspect?

A. No.

Q. And at some point was a suspect developed and followed up by you?

A. Yes, it was.

Q. Tell the jury how the suspect was developed?

A. We received a Crime Stoppers tip from Crime Stoppers.

Q. And what was the date that you received this tip?

A. The tip came in on January 15th of 1999.

Q. And what was that tip?

A. *The tip that we got gave us the name of [appellant] that was responsible for robbing this hotel.*[1]

After receiving the tip, Rivera obtained a photograph of appellant and placed it in a photo spread. The complainant identified appellant from the photo spread as the person who robbed her.

---

1. All emphasis is supplied unless otherwise indicated.

## II. Standard of Appellate Review

The standard under which we review claims of ineffective assistance of counsel was established in *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2062–2063, 80 L.Ed.2d 674 (1984). Under this standard, the reviewing court must first decide whether trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. If counsel's performance fell below that standard, the reviewing court must decide whether there is a "reasonable probability" the result of the trial would have been different but for counsel's deficient performance. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

Under the first prong, the reviewing court must first determine whether the complained of conduct was, in fact, deficient. *See Fuentes v. State,* 991 S.W.2d 267, 272–73 (Tex.Crim.App.1999); *Cardenas v. State,* 30 S.W.3d 384, 392 (Tex.Crim. App.2000); *Young v. State,* 991 S.W.2d 835, 839 (Tex.Crim.App.1999). When the claim of ineffective assistance of counsel is premised upon the failure to object, the threshold issue is whether the complained of evidence was admissible. *See Ex parte Menchaca,* 854 S.W.2d 128, 130 (Tex.Crim. App.1993). If the reviewing court determines that an objection would not have been meritorious the first prong of *Strickland* cannot be satisfied because counsel cannot be deficient for failing to take an action that had no legal basis.

## III. Admissibility

Appellant contends the information received by Rivera from Crime Stoppers was inadmissible hearsay. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *See* Tex.R. Evid. 801(d). Matter asserted includes any matter explicitly asserted, and any matter implied by a statement, if the probative value of the statement as offered flows from the declarant's belief as to the matter. *See id.* at (c). Hearsay evidence is not admissible. *See* Tex.R. Evid. 802.

Under established precedent, the trial court errs in admitting the hearsay testimony of an informant before a jury when probable cause is not an issue before the jury. *See Perez v. State,* 678 S.W.2d 85, 87 (Tex.Crim.App.1984); *Haynes v. State,* 567 S.W.2d 518, 520 (Tex.Crim.App.1978).[2] In the instant case, the issue of probable cause was not before the jury. Therefore, under this line of cases, Rivera's testimony recounting the informant's tip to Crime Stoppers was hearsay. *See Smith v. State,* 574 S.W.2d 555, 557 (Tex.Crim.App.1978) (erroneous admission of hearsay testimony of police officer regarding what two people had told him they had heard over their C.B. radios); *Haynes v. State,* 567 S.W.2d at 520; *Smith v. State,* 511 S.W.2d 296, 297 (Tex.Crim.App.1974) (testimony of police officer as to what the informer told him was hearsay); *Hill v. State,* 817 S.W.2d 816, 817 (Tex.App.—Eastland 1991, pet. ref'd) (police officer's testimony that he was told by an informant that defendant

2. Appellate courts employ an abuse of discretion standard of review when considering a trial court's decision to admit or exclude a statement. *See Dewberry v. State,* 4 S.W.3d 735, 751 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). Under this standard, the trial court's decision must not be so arbitrary or irrational as to fall outside the "zone of reasonable disagreement." *See Head v. State,* 4 S.W.3d 258, 263 (Tex.Crim.App.1999). These cases, cited above, stand for the proposition that a trial court abuses its discretion in admitting the hearsay statement of an informant when the issue of probable cause has not been raised.

was dealing heroin "was clearly inadmissible hearsay"); *Williams v. State*, 760 S.W.2d 292, 296 (Tex.App.—Texarkana 1988, pet. ref'd).[3]

The State does not attempt to distinguish these cases, but instead argues the information furnished to Rivera by Crime Stoppers was not offered to prove the truth of the matter asserted and, therefore, was not hearsay. *See Martinez v. State*, 22 S.W.3d 504, 508 (Tex.Crim.App. 2000) (A statement is not hearsay if it is not offered to prove the truth of the matter asserted.).

The State relies upon that body of law which permits police officers to explain how the defendant became a suspect. For example, in *Dinkins v. State*, 894 S.W.2d 330, 347–348 (Tex.Crim.App.), *cert. denied*, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995), peace officers responded to a fire alarm in a massage therapy office and found two murder victims. At trial, the State was permitted to admit evidence in the form of an appointment book and a patient application form both listing the defendant's name. A police officer testified the defendant became a suspect because of information contained in the appointment book and application form. The *Dinkins* court held the items were not hearsay because they were admitted not to prove the truth of the matter asserted, but rather to explain how the defendant became a part of the investigation.

The State argues that under this line of cases it was permissible for Rivera to testify that the Crime Stoppers tip supplied Rivera with appellant's name and that he "was responsible for robbing this hotel." What the State fails to recognize is that the evidence in *Dinkins* was *not* hearsay. By this I simply mean the evidence was not offered to prove the truth of the matter asserted therein, namely that Dinkins had some physical ailment requiring treatment and had, therefore, made an appointment with a therapist for the date of the homicides, but merely to explain how the authorities came to suspect Dinkins for the crime. Therefore, the appointment book and a patient application form listing Dinkins' name were not prohibited by Rule 802. However, the instant case does involve hearsay because the crime stoppers tip specifically named appellant and stated he was responsible for the robbery. The tip was admitted to prove those assertions which were, after all, the crux of the instant prosecution.

This area of our law is confusing, and it is not surprising the State has followed the wrong path. The Court of Criminal Appeals has recognized that the rule of evidence that permits the authorities to explain how the defendant became a suspect has led to confusion which resulted in "widespread abuse." *Schaffer v. State*, 777 S.W.2d 111, 114 n. 3 (Tex.Crim.App.1989). The *Schaffer* court attempted to eliminate this confusion by reaffirming the rule that a peace officer should be allowed some latitude to explain his presence at the scene or his conduct during the investiga-

---

**3.** We pause to note that *Williams* cites *Victoria v. State*, 522 S.W.2d 919 (Tex.Crim.App. 1975), for the proposition that where the officer does not testify about what the informant told him, and restricts his testimony to a description of his actions, the testimony is not hearsay. That *Victoria* actually stands for this proposition is doubtful because in *Victoria* probable cause was an issue and therefore, the hearsay was admissible. Moreover, the Court of Criminal Appeals has held: "[W]here there is an inescapable conclusion that a piece of evidence is being offered to prove statements made outside the courtroom, a party may not circumvent the hearsay prohibition through artful questioning designed to elicit hearsay indirectly." *See Schaffer v. State*, 777 S.W.2d 111, 114 (Tex.Crim.App. 1989).

tion. 777 S.W.2d at 114.[4] But the *Schaffer* court specifically held the officer "should not be permitted to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports on grounds that she was entitled to tell the jury the information upon which she acted." *Id.* at 115.

Importantly, *Schaffer* relied heavily upon our case of *Deary v. State*, 681 S.W.2d 784, 788 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd), which is remarkably similar to the instant case. In *Deary*, a security guard took a boy into custody following a shop-lifting incident. During an interview with a police officer, the boy identified Deary as being involved in the theft. The officer used that information to locate a photograph of Deary. That photo was included in an array from which Deary was identified. At trial, the judge allowed the police officer to testify that he asked the boy for the name of the person involved in the theft and as a result of that conversation the officer went to the identification division and located a photograph of Deary. We labeled this "hearsay by inference" and held the judge should have cut off questioning of the officer after he stated he had a conversation with the boy. We concluded: "[a]llowing the jury to find out how the police came to get a picture of appellant was error." 681 S.W.2d at 788.

The *Schaffer* court ultimately held the complained of testimony was offered for its truth and was, therefore, hearsay. The same is true in the instant case. Rivera was permitted to recount the informant's tip to Crime Stoppers. The tip specifically named appellant and asserted that he was responsible for the robbery. *See* Tex.R.

Evid. 801(c). Believing that assertion to be true, Rivera obtained a photograph of appellant, placed it in a photo array which he took to the complainant who identified appellant. That portion of Rivera's testimony, therefore, was clearly hearsay. *See Deary*, 681 S.W.2d at 788. For these reasons, this case is controlled by *Schaffer* and *Deary*. It is not controlled by *Dinkins*, as the plurality holds.[5]

## IV. Strategy

Having determined the statement was inadmissible, the question under *Strickland's* first prong is whether counsel's failure to object to that portion of Rivera's testimony was deficient conduct. Even where an objection would have been meritorious, the failure to object may be attributed to sound trial strategy. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. A substantial risk of failure accompanies a claim of ineffective assistance of counsel on direct appeal because the record is simply underdeveloped and cannot adequately reflect the failings of trial counsel. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App.1999). It is critical, therefore, that the defendant make the necessary record in the trial court to rebut *Strickland's* presumption that the conduct was strategic. *Thompson*, 9 S.W.3d at 814. This kind of record is best developed in a hearing on a motion for new trial, or *via* application for a writ of habeas corpus. *See Jackson*, 973 S.W.2d 954, 957 (Tex. Crim.App.1998). When the claims of ineffective assistance of counsel are not so developed, the issue is generally resolved against the defendant when the appellate court employs *Strickland's* presumption

---

4. The *Schaffer* court stated: "Almost always it will be relevant for a testifying officer to relate how she happened upon the scene of a crime or accident; thus, it is permissible for her to testify that she was acting in response

to 'information received.'" 777 S.W.2d at 115.

5. I authored the *Dinkins* opinion while serving on the Court of Criminal Appeals.

that the challenged action of trial counsel was the result of "sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

However, an exception to *Strickland's* presumption of strategy exists when the record clearly confirms that no reasonable trial counsel would have engaged in the complained of conduct or omission. *Vasquez v. State*, 830 S.W.2d 948, 951 (Tex. Crim.App.1992); *Weeks v. State*, 894 S.W.2d 390, 392 (Tex.App.—Dallas 1994, no pet.); *Chavez v. State*, 6 S.W.3d 66, 71 (Tex.App.—San Antonio 1999, pet. ref'd). Holding counsel ineffective in light of such a record is not speculation because the deficient performance is confirmed by the appellate record. *Vasquez*, 830 S.W.2d at 951; *Weeks*, 894 S.W.2d at 392; *Stone v. State*, 17 S.W.3d 348, 350 (Tex.App.—Corpus Christi 2000, pet. ref'd). In other words, *Strickland* does not require deference when there is no conceivable strategic purpose that would explain counsel's conduct. *Lyons v. McCotter*, 770 F.2d 529, 534–35 (5th Cir.1985).

In the instant case, prior to trial, defense counsel presented an oral motion in limine requesting the State not be permitted to introduce evidence of appellant being the subject of an informant's tip to the Crime Stoppers organization. Therefore, the record clearly confirms counsel's trial strategy was to prevent the admission of the inadmissible hearsay. This strategy is further confirmed by the fact that the only defensive theory advanced at trial was

misidentification. Consequently, there could be no strategic basis for trial counsel's failure to object when the inadmissible hearsay was offered.[6] *Menchaca*, 854 S.W.2d at 133. Accordingly, I would hold trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. The first prong of *Strickland* has been met.

### V. The Plurality Opinion

Having demonstrated how the first prong of *Strickland* should be handled, I now turn to the erroneous treatment of that prong by the plurality. Initially, the plurality never determines if the evidence was admissible. The failure to make this threshold determination conflicts with *established* precedent from the Court of Criminal Appeals, most notably *Menchaca*, 854 S.W.2d at 130, where trial counsel failed to object to the State's use of the defendant's prior conviction. The *Menchaca* court stated the threshold question was whether the prior conviction was admissible. *See also Fuentes*, 991 S.W.2d at 272–73 ("In order to establish his claim that trial counsel's performance was deficient for failing to request an instruction, appellant must show that he was entitled to an instruction on the lesser included offense."); *Cardenas*, 30 S.W.3d at 392 (same); *Young*, 991 S.W.2d at 839 ("Because appellant was not entitled to a jury instruction on necessity, appellant has not shown that counsel's performance in failing to request an instruction was deficient under the first part of the *Strickland* test.").

---

**6.** The failure to object has only two possible explanations. First, that trial counsel believed the motion in limine alleviated the need to object at the time the evidence was admitted to preserve the issue for appeal; or, two, that the evidence should come before the jury. Neither explanation is sufficient to defeat the finding that counsel was deficient. Our law is clear that the denial of a motion in limine is not sufficient to preserve error for review, but rather there must be a proper objection to the proffered evidence. *McDuff v. State*, 939 S.W.2d 607, 618 (Tex.Crim.App.1997). Second, permitting the admission of inadmissible evidence has no strategic value. *Lyons*, 770 F.2d at 534 (5th Cir.1985) ("[Failure to object to] the admission of prejudicial and clearly inadmissible evidence, as here, has no strategic value.").

Appellant and the State recognize this threshold determination is required under a correct analysis, and accordingly both argue their respective position on the question of admissibility.

The next flaw in the plurality opinion is the argument that perhaps the motion in limine was, "in effect, a motion to suppress the evidence, and counsel did not fail to object." *Supra* at 88. This argument is purely the creation of the plurality's imagination. The record is clear we are dealing with a motion in limine, and *not* a motion to suppress. Indeed, both parties on appeal have discussed motions in limine at length in their respective briefs, and neither brief contains even the slightest suggestion that the motion in limine could have been, "in effect," a motion to suppress.

Recognizing the "motion to suppress" argument is unsupportable, the plurality congers up a theory of limited admissibility. The plurality asserts the inadmissible hearsay was offered "*only* for the purpose of showing how appellant came to be a suspect in the case, and was admissible for that purpose." *Supra* at 88 (emphasis added, footnote omitted). Simply stated, that assertion is factually untrue, and legally incorrect. First, there is nothing in the record to indicate the evidence was offered "only" to show how appellant became a suspect. The evidence was offered during the State's case-in-chief without any attempt to limit the jury's consideration or use of the evidence. In certain instances, evidence may be offered for a limited purpose. However, for that limitation to be effective the admission of the evidence must be accompanied by a limiting instruction. TEX.R. EVID. 105(a). Without such a limiting instruction, the jury is permitted to consider the evidence for all purposes. *Hammock v. State*, 46 S.W.3d 889, 894 (Tex.Crim.App.2001).

Therefore, there is neither a factual nor legal basis to support the plurality's assertion that the inadmissible hearsay evidence was offered "only" for the purpose of showing how appellant became a suspect.

## VI. Prejudice

Under the second *Strickland* prong, appellant must demonstrate the deficient performance prejudiced the defense. Stated another way, the second prong is met if defense counsel's deficient performance undermines confidence in the proceedings. The admission of the inadmissible hearsay evidence from crime stoppers bolstered the testimony of the State's lone eyewitness. Accordingly, my confidence in the proceedings is undermined by counsel's deficient performance. Therefore, I would hold the second prong of *Strickland* has been met.

For these reasons, I would sustain appellant's sole point of error. Because the plurality does not, I respectfully dissent.