

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00174-CR

**HIRAM RAMSES STOOKSBURY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 32277CR

## MEMORANDUM  OPINION

Hiram Ramses Stooksbury was convicted of the offense of Aggravated Sexual Assault of a Child after a jury trial.  TEX. PEN. CODE ANN. § 22.021 (Vernon 2003). Stooksbury elected to go to the jury for the punishment phase.  The jury found an enhancement allegation true, which then mandated that Stooksbury's sentence be set at imprisonment for life in the Texas Department of Criminal Justice – Institutional Division.  TEX. PEN. CODE ANN. § 12.42(c)(2) (Vernon Supp. 2008).

Stooksbury complains in eight points of error that he received ineffective assistance of counsel at trial, there was prosecutorial misconduct, there was judicial

misconduct, and that the cumulation of these errors requires reversal. Where it is practicable, these points of error will be addressed together. Because we find the record is insufficient to find there was ineffective assistance of counsel, that any complaints regarding the prosecutor's actions or the trial court's actions were waived, and there was no cumulative error, we affirm.

*Factual Background*

Because there are no challenges to the sufficiency of the evidence, a detailed summary of the factual background of the case is unnecessary so we will discuss only those facts necessary to the disposition of this appeal. The victim in this case was Stooksbury's daughter, who alleged that Stooksbury had digitally penetrated her genitalia more than once and improperly touched her over a period of years during the marriage of her parents. The extraneous offenses and bad acts admitted during trial which Stooksbury argues were improperly admitted were his excessive drinking during the marriage, his failure to pay child support after their separation, an isolated incident of family violence against his ex-wife, Stooksbury's firing a gun at a computer monitor during an argument with his ex-wife, and his adultery.

*Ineffective Assistance*

Stooksbury alleges in points of error one and seven that he received ineffective assistance at trial because his trial counsel: (1) did not properly object to extraneous offenses and bad acts, (2) failed to request a jury instruction to disregard testimony after a properly sustained objection, (3) failed to object to the jury charge in the guilt-innocence phase for not containing a limiting instruction regarding the extraneous

offenses, and (4) failed to object to a witness's statement regarding Stooksbury's invoking his Fifth Amendment right to counsel and to remain silent when he was arrested for this offense. U.S. CONST. amend. V.

To prevail on an ineffective-assistance claim, Stooksbury must prove (1) counsel's representation fell below the objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813-14.

When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Robinson v. State*, 16 S.W.3d 808, 813 n. 7 (Tex. Crim. App. 2000). In rare cases, however, the record can be sufficient to prove that counsel's performance

was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy. *Id*.

It is critical that the defendant obtain the necessary record in the trial court to rebut the *Strickland* presumption that counsel's conduct was strategic for purposes of appeal. *Thompson*, 9 S.W.3d at 814; *McCullough v. State*, 116 S.W.3d 86, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd.). This kind of record is best developed in a hearing on a motion for new trial, or by an application for a writ of habeas corpus. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *McCullough*, 116 S.W.3d at 92. Without evidence of the strategy and methods involved concerning counsel's actions at trial, the appellate court will presume sound trial strategy. *See Thompson*, 9 S.W.3d at 814.

Stooksbury filed a motion for new trial within the time periods allowed by law; however, the motion did not allege ineffective assistance of counsel. When appellate counsel substituted into the case, there was a motion for leave of court to file an amended motion for new trial outside of the thirty-day deadline alleging Stooksbury's desire to raise the issue of ineffective assistance of counsel; however, the State objected to the motion and the trial court denied the motion. No hearing was conducted on the motion for new trial, and it was overruled by operation of law.

*Failure to Properly Object to Extraneous Offenses*

Generally, isolated failures to object to certain procedural mistakes or improper evidence would not constitute ineffective assistance of counsel. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). When the record is silent as to counsel's reason

for failing to object, an appellant fails to rebut the presumption that counsel acted reasonably. *Thompson*, 9 S.W.3d at 814. Moreover, the decision not to object to inadmissible evidence can sometimes be justified as part of a sound trial strategy. *Darby v. State*, 922 S.W.2d 614, 623-24 (Tex. App.—Fort Worth 1996, pet. ref'd).

The record does not contain any evidence regarding trial counsel's reasons or strategy for not objecting to the testimony regarding Stooksbury's extraneous conduct or bad acts other than what appeared to be a general trial strategy of demonstrating the motivation of the victim and her mother to fabricate these charges against Stooksbury. Those motivations were that the victim and her mother were angry after the Stooksburys's bitter divorce, because of Stooksbury's adultery, and of Stooksbury's subsequent remarriage to a woman the victim did not like. There is no other explanation for why trial counsel did not object or did not assert proper objections in the record. Regarding trial counsel's failure to seek an instruction to disregard or a mistrial after the trial court sustained objections to several of the prosecutor's questions, most of which were based on hearsay, we cannot speculate on this issue. Absent explanations for trial counsel's reasons for the above, Stooksbury has failed to overcome the presumption that the challenged actions were sound trial strategy, and his claims must fail. *See Ramos v. State*, 45 S.W.3d 305, 311 (Tex. App.—Fort Worth 2001, pet. ref'd). Because on the undeveloped record presented here Stooksbury has failed to show that his trial counsel's performance was deficient, we need not reach the prejudice prong of *Strickland*. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

*Failure to Request Limiting Instruction in Jury Charge*

A limiting instruction concerning the use of extraneous offense evidence should be requested, and given, in the guilt-stage jury charge *only if* the defendant requested a limiting instruction at the time the evidence was first admitted. *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007); *see Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) (recognizing that once evidence is admitted without limiting instruction, it may be used for all purposes and trial court is not required to include limiting instruction in jury charge). Further, a trial court generally is not required to instruct the jury *sua sponte* on the burden of proof to be used when considering evidence of an extraneous offense during the guilt-innocence phase. *Delgado*, 235 S.W.3d at 254. The court reasoned that evidentiary issues in the guilt-innocence phase are not "the law applicable to the case," which the trial court must *sua sponte* include in the charge, because determining whether to request instructions on these matters frequently depends on trial strategy. *Id.* at 249-52; *see* TEX. CODE CRIM. PROC. art. 36.14 (Vernon 2007) (requiring court to submit in guilt-innocence phase jury charge "distinctly setting forth the law applicable to the case."). Because the evidence regarding Stooksbury's extraneous conduct was admitted for all purposes, Stooksbury was not entitled to a limiting instruction. As such, the failure to object to the charge as written in this instance is not ineffective assistance of counsel.

*Failure to Object to Improper Fifth Amendment Testimony*

In response to a question during direct examination by the State, one of the arresting officers stated that Stooksbury's statement to him after the officer introduced

himself to Stooksbury was, "Well, I want you to know that I have an attorney, and I'm not going to talk to you without my attorney present." No objection was lodged to this statement. No further questions were asked of that witness or of any other witnesses regarding any statements of Stooksbury. This statement was not mentioned in either side's closing argument. The record is silent as to any trial strategy by counsel. When the record is silent as to counsel's reason for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably. *Thompson*, 9 S.W.3d at 814. We overrule Stooksbury's points of error one and seven.

*Prosecutorial Misconduct*

Stooksbury complains in points of error two, three, and six that the prosecutor willfully admitted evidence that was inadmissible regarding extraneous offenses and bad acts by Stooksbury and by eliciting testimony regarding Stooksbury exercising his right to remain silent.

However, Stooksbury failed to preserve error on his contention. To preserve error for an allegation of prosecutorial misconduct, a defendant must (1) make a timely and specific objection, (2) request an instruction to disregard the matter improperly placed before the jury, and (3) move for mistrial. *See Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); *see also* TEX. R. APP. P. 33.1. Further, the objection at trial must comport with the complaint on appeal. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). We overrule Stooksbury's points of error numbers two, three, and six.

*Actions by the Trial Court*

Stooksbury complains in points of error four and five that the trial court commented on the weight of the evidence and demonstrated bias against Stooksbury and his trial counsel and in favor of the State during the trial in violation of his 5th and 14th Amendment rights under the United States Constitution, Article 1, Section 13 and 19 of the Texas constitution, and Article 1.05 of the Texas Code of Criminal Procedure. Stooksbury further complains that the trial court erred by allowing the evidence regarding extraneous offenses and bad acts to be admitted into evidence for the same reasons, as well as being improperly admitted pursuant to the Texas Rules of Evidence.

*Remarks in the Jury's Presence*

A trial court must refrain from making any remark calculated to convey to the jury its opinion of the case. *See* TEX. CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979). Article 38.05 of the Texas Code of Criminal Procedure provides: "In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case." *Id.*

Nevertheless, a trial court has broad discretion in maintaining control and expediting trial. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). A trial court may interject to correct a misstatement or misrepresentation of previously admitted testimony, and may impose reasonable limitations on the examination of witnesses. *Jasper*, 61 S.W.3d at 421. Even a trial court's irritation at defense counsel does not

"translate to an indication as to the judge's views about the defendant's guilt or innocence." *Id.* Absent a clear showing of bias, a trial court's actions are assumed to have been correct. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

Generally, a party's failure to timely and specifically object to a trial court's remarks waives any error. *Resendez v. State*, 160 S.W.3d 181, 189-90 (Tex. App.—Corpus Christi 2005, no pet.); TEX. R. APP. P. 33.1(a). In *Blue v. State,* however, a plurality of the Texas Court of Criminal Appeals held an objection was unnecessary to preserve a complaint about a trial judge's remarks that tainted the presumption of innocence in front of the venire and constituted fundamental error of constitutional dimension. *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (plurality op.).

Stooksbury complains of the following remarks made to his trial counsel by the trial court in the presence of the jury: "Sustained. I mean, Counselor, it's an argumentative question what's important for the jury to hear;" "Counselor, you're not going to examine this or any of the witnesses that I know of that y'all got scheduled, either side, what the law is. I'm going to tell the jurors what the law is;" "No. Counselor, the rule's been invoked. You can't tell the witnesses what somebody else testified to;" "Counselor, where are we going with this? I mean, are you seeking to offer that or what?"

These remarks did not rise to the level of fundamental error of constitutional dimension and, thus, timely and specific objections were required to preserve any complaint for appellate review. Stooksbury failed to object, thereby waiving this complaint. *See Resendez*, 160 S.W.3d at 189-90; TEX. R. APP. P. 33.1(a). However, even if

Stooksbury had properly objected at trial, we would overrule this issue. The record does not clearly show bias on the part of the trial court. It is our opinion that none of the challenged remarks were calculated to convey to the jury the trial court's opinion of the case.

*Improper Admission of Evidence*

Stooksbury argues that the trial court improperly admitted evidence of extraneous offenses and bad conduct according to the Texas Rules of Evidence; however, no objection was lodged to any of this evidence for any purpose except lack of prior notice. Stooksbury offers no authority to support his position on the standard of review or why the lack of preservation of error should be ignored. We find that Stooksbury has waived this issue due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Tex. Dep't. of Crim. Justice v. King*, No. 10-01-058-CV, 2003 Tex. App. LEXIS 10481 at *15, (Tex. App.—Waco, December 10, 2003, pet. denied). We overrule Stooksbury's points of error numbers four and five.

**Cumulative Error**

Stooksbury argues that the cumulative impact of the errors during the trial should result in a reversal for a new trial. An appellate court should consider the cumulative effect when there are multiple errors. *See Martin v. State*, 151 S.W.3d 236, 242 (Tex. App.—Texarkana 2004, pet. ref'd). It is possible that a number of errors may be harmful in their cumulative effect. *See Feldman v. State*, 71 S.W.3d 738, 757 (Tex. Crim. App. 2002); *Hughes v. State*, 24 S.W.3d 833, 844 (Tex. Crim. App. 2000); *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999); *see also Modica v. State*,

151 S.W.3d 716, 727 (Tex. App.—Beaumont 2004, pet. ref'd), *cert. denied*, 547 U.S. 1210, 126 S.Ct. 2895, 165 L.Ed. 2d 923 (2006); *Melancon v. State*, 66 S.W.3d 375, 385 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). However, while multiple errors could be harmful in their cumulative effect, non-errors cannot produce harm in their cumulative effect. *See Hughes*, 24 S.W.3d at 844; *Chamberlain*, 998 S.W.2d at 238; *see also Modica*, 151 S.W.3d at 727; *Melancon*, 66 S.W.3d at 385. We have not found error; therefore, we cannot say that there is cumulative error. *See Hughes*, 24 S.W.3d at 844; *Melancon*, 66 S.W.3d at 385. We overrule Stooksbury's point of error number eight.

*Conclusion*

We find that Stooksbury has not met his burden to establish that he received ineffective assistance of counsel. We further find that the issues regarding prosecutorial misconduct, if there were any, were not preserved and, therefore, were waived. We find that the judge did not act improperly in the trial. Having overruled all of Stooksbury's points of error, we affirm the judgment of conviction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed September 9, 2009
Do not publish
[CRPM]