IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00174-CR

 

Hiram Ramses Stooksbury,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 32277CR

 



MEMORANDUM  Opinion










 

            Hiram Ramses Stooksbury was convicted
of the offense of Aggravated Sexual Assault of a Child after a jury trial.  Tex. Pen. Code Ann. § 22.021 (Vernon
2003).  Stooksbury elected to go to the jury for the punishment phase.  The
jury found an enhancement allegation true, which then mandated that
Stooksbury’s sentence be set at imprisonment for life in the Texas Department
of Criminal Justice – Institutional Division.  Tex. Pen. Code Ann. § 12.42(c)(2) (Vernon Supp. 2008).  

Stooksbury complains in eight points of error that
he received ineffective assistance of counsel at trial, there was prosecutorial
misconduct, there was judicial misconduct, and that the cumulation of these
errors requires reversal.  Where it is practicable, these points of error will
be addressed together.  Because we find the record is insufficient to find
there was ineffective assistance of counsel, that any complaints regarding the
prosecutor’s actions or the trial court’s actions were waived, and there was no
cumulative error, we affirm.

Factual Background

Because there are no challenges to the sufficiency
of the evidence, a detailed summary of the factual background of the case is
unnecessary so we will discuss only those facts necessary to the disposition of
this appeal.  The victim in this case was Stooksbury’s daughter, who alleged
that Stooksbury had digitally penetrated her genitalia more than once and
improperly touched her over a period of years during the marriage of her
parents.  The extraneous offenses and bad acts admitted during trial which
Stooksbury argues were improperly admitted were his excessive drinking during
the marriage, his failure to pay child support after their separation, an
isolated incident of family violence against his ex-wife, Stooksbury’s firing a
gun at a computer monitor during an argument with his ex-wife, and his
adultery.  

Ineffective Assistance 

            Stooksbury alleges in points of error
one and seven that he received ineffective assistance at trial because his
trial counsel: (1) did not properly object to extraneous offenses and bad acts,
(2) failed to request a jury instruction to disregard testimony after a
properly sustained objection, (3) failed to object to the jury charge in the
guilt-innocence phase for not containing a limiting instruction regarding the
extraneous offenses, and (4) failed to object to a witness’s statement
regarding Stooksbury’s invoking his Fifth Amendment right to counsel and to
remain silent when he was arrested for this offense.  U.S. Const. amend. V.  

To prevail on an ineffective-assistance claim,
Stooksbury must prove (1) counsel's representation fell below the objective
standard of reasonableness; and (2) there is a reasonable probability that, but
for counsel's deficiency, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct.
2052, 80 L.Ed. 2d 674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  In considering an ineffective-assistance claim, we indulge a
strong presumption that counsel's actions fell within the wide range of
reasonable professional behavior and were motivated by sound trial strategy.  Strickland,
466 U.S. at 689; Thompson, 9 S.W.3d at 813; Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  To overcome this presumption, a
claim of ineffective assistance must be firmly demonstrated in the record.  Thompson,
9 S.W.3d at 814.  In most cases, direct appeal is an inadequate vehicle for
raising such a claim because the record is generally undeveloped and cannot
adequately reflect the motives behind trial counsel's actions.  Rylander v.
State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); Thompson, 9
S.W.3d at 813-14. 

When the record is silent regarding trial
counsel's strategy, we will not find deficient performance unless the
challenged conduct was "so outrageous that no competent attorney would
have engaged in it."  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Robinson v. State, 16 S.W.3d 808, 813 n. 7 (Tex. Crim. App.
2000).  In rare cases, however, the record can be sufficient to prove that
counsel's performance was deficient, despite the absence of affirmative
evidence of counsel's reasoning or strategy.  Id.

It is critical that the defendant obtain the
necessary record in the trial court to rebut the Strickland presumption
that counsel's conduct was strategic for purposes of appeal.  Thompson,
9 S.W.3d at 814; McCullough v. State, 116 S.W.3d 86, 92 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref'd.).  This kind of record is best
developed in a hearing on a motion for new trial, or by an application for a
writ of habeas corpus.  See Jackson v. State, 973 S.W.2d 954, 957 (Tex.
Crim. App. 1998); McCullough, 116 S.W.3d at 92.  Without evidence of the
strategy and methods involved concerning counsel's actions at trial, the
appellate court will presume sound trial strategy.  See Thompson,
9 S.W.3d at 814.

Stooksbury filed a motion for new trial within the
time periods allowed by law; however, the motion did not allege ineffective
assistance of counsel.  When appellate counsel substituted into the case, there
was a motion for leave of court to file an amended motion for new trial outside
of the thirty-day deadline alleging Stooksbury’s desire to raise the issue of
ineffective assistance of counsel; however, the State objected to the motion
and the trial court denied the motion.  No hearing was conducted on the motion
for new trial, and it was overruled by operation of law.

Failure to Properly Object to Extraneous Offenses

            Generally, isolated failures to object to certain
procedural mistakes or improper evidence would not constitute ineffective
assistance of counsel.  See Ingham v. State, 679 S.W.2d 503, 509 (Tex.
Crim. App. 1984).  When the record is silent as to counsel's reason for failing
to object, an appellant fails to rebut the presumption that counsel acted
reasonably.  Thompson, 9 S.W.3d at 814.  Moreover, the decision not to
object to inadmissible evidence can sometimes be justified as part of a sound
trial strategy.  Darby v. State, 922 S.W.2d 614, 623-24 (Tex. App.—Fort Worth
1996, pet. ref'd).

The record does not contain any evidence regarding
trial counsel's reasons or strategy for not objecting to the testimony
regarding Stooksbury’s extraneous conduct or bad acts other than what appeared
to be a general trial strategy of demonstrating the motivation of the victim
and her mother to fabricate these charges against Stooksbury.  Those
motivations were that the victim and her mother were angry after the
Stooksburys’s bitter divorce, because of Stooksbury’s adultery, and of
Stooksbury’s subsequent remarriage to a woman the victim did not like.  There
is no other explanation for why trial counsel did not object or did not assert
proper objections in the record.  Regarding trial counsel's failure to seek an
instruction to disregard or a mistrial after the trial court sustained
objections to several of the prosecutor's questions, most of which were based
on hearsay, we cannot speculate on this issue.  Absent explanations for trial
counsel's reasons for the above, Stooksbury has failed to overcome the
presumption that the challenged actions were sound trial strategy, and his
claims must fail.  See Ramos v. State, 45 S.W.3d 305, 311 (Tex.
App.—Fort Worth 2001, pet. ref'd).  Because on the undeveloped record presented
here Stooksbury has failed to show that his trial counsel's performance was
deficient, we need not reach the prejudice prong of Strickland.  See
Strickland, 466 U.S. at 697, 104 S.Ct. at 2069.

 

Failure to Request Limiting Instruction in Jury
Charge

A limiting instruction concerning the use of
extraneous offense evidence should be requested, and given, in the guilt-stage
jury charge only if the defendant requested a limiting instruction at
the time the evidence was first admitted.  Delgado v. State, 235 S.W.3d
244, 251 (Tex. Crim. App. 2007); see Hammock v. State, 46 S.W.3d 889,
895 (Tex. Crim. App. 2001) (recognizing that once evidence is admitted without
limiting instruction, it may be used for all purposes and trial court is not
required to include limiting instruction in jury charge).  Further, a trial
court generally is not required to instruct the jury sua sponte on the
burden of proof to be used when considering evidence of an extraneous offense
during the guilt-innocence phase.  Delgado, 235 S.W.3d at 254.  The
court reasoned that evidentiary issues in the guilt-innocence phase are not
"the law applicable to the case," which the trial court must sua
sponte include in the charge, because determining whether to request
instructions on these matters frequently depends on trial strategy.  Id. at 249-52; see Tex. Code Crim.
Proc. art. 36.14 (Vernon 2007) (requiring court to submit in
guilt-innocence phase jury charge "distinctly setting forth the law
applicable to the case.").  Because the evidence regarding Stooksbury’s
extraneous conduct was admitted for all purposes, Stooksbury was not entitled
to a limiting instruction.  As such, the failure to object to the charge as
written in this instance is not ineffective assistance of counsel.  

Failure to Object to Improper Fifth Amendment
Testimony

            In response to a question during direct examination by the State, one
of the arresting officers stated that Stooksbury’s statement to him after the
officer introduced himself to Stooksbury was, “Well, I want you to know that I
have an attorney, and I’m not going to talk to you without my attorney
present.”  No objection was lodged to this statement.  No further questions
were asked of that witness or of any other witnesses regarding any statements
of Stooksbury.  This statement was not mentioned in either side’s closing
argument.  The record is silent as to any trial strategy by counsel.  When the
record is silent as to counsel's reason for failing to object, the appellant
fails to rebut the presumption that counsel acted reasonably.  Thompson,
9 S.W.3d at 814.  We overrule Stooksbury’s points of error one and seven.

Prosecutorial Misconduct

            Stooksbury complains in points of
error two, three, and six that the prosecutor willfully admitted evidence that
was inadmissible regarding extraneous offenses and bad acts by Stooksbury and
by eliciting testimony regarding Stooksbury exercising his right to remain
silent. 

            However, Stooksbury failed to preserve
error on his contention.  To preserve error for an
allegation of prosecutorial misconduct, a defendant must (1) make a timely and
specific objection, (2) request an instruction to disregard the matter
improperly placed before the jury, and (3) move for mistrial.  See Penry v.
State, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); see also Tex. R. App. P. 33.1.  Further, the
objection at trial must comport with the complaint on appeal.  Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  We overrule
Stooksbury’s points of error numbers two, three, and six.

 

 

Actions by the Trial Court

            Stooksbury complains in points of
error four and five that the trial court commented on the weight of the
evidence and demonstrated bias against Stooksbury and his trial counsel and in
favor of the State during the trial in violation of his 5th and 14th
Amendment rights under the United States Constitution, Article 1, Section 13
and 19 of the Texas constitution, and Article 1.05 of the Texas Code of
Criminal Procedure.  Stooksbury further complains that the trial court erred by
allowing the evidence regarding extraneous offenses and bad acts to be admitted
into evidence for the same reasons, as well as being improperly admitted
pursuant to the Texas Rules of Evidence.

Remarks in the Jury’s Presence

A trial court must refrain
from making any remark calculated to convey to the jury its opinion of the
case.  See Tex. Code Crim. Proc.
Ann. art. 38.05 (Vernon 1979).  Article 38.05 of the Texas Code of
Criminal Procedure provides:  “In ruling upon the admissibility of evidence,
the judge shall not discuss or comment upon the weight of the same or its
bearing in the case, but shall simply decide whether or not it is admissible;
nor shall he, at any stage of the proceeding previous to the return of the
verdict, make any remark calculated to convey to the jury his opinion of the case.” 
 Id. 

Nevertheless, a trial court has broad discretion
in maintaining control and expediting trial.  Jasper v. State, 61 S.W.3d
413, 421 (Tex. Crim. App. 2001).  A trial court may interject to correct a
misstatement or misrepresentation of previously admitted testimony, and may
impose reasonable limitations on the examination of witnesses.  Jasper, 61
S.W.3d at 421.  Even a trial court's irritation at defense counsel does not
"translate to an indication as to the judge's views about the defendant's
guilt or innocence."  Id.  Absent a clear showing of bias, a trial
court's actions are assumed to have been correct.  Brumit v. State, 206
S.W.3d 639, 645 (Tex. Crim. App. 2006).

Generally, a party's
failure to timely and specifically object to a trial court's remarks waives any
error.  Resendez v. State, 160 S.W.3d 181, 189-90 (Tex. App.—Corpus Christi
2005, no pet.); Tex. R. App. P.
33.1(a).  In Blue v. State, however, a plurality of the Texas Court of
Criminal Appeals held an objection was unnecessary to preserve a complaint
about a trial judge's remarks that tainted the presumption of innocence in
front of the venire and constituted fundamental error of constitutional
dimension.  Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000)
(plurality op.).

Stooksbury complains of the following remarks made
to his trial counsel by the trial court in the presence of the jury:
"Sustained.  I mean, Counselor, it’s an argumentative question what’s
important for the jury to hear;" "Counselor, you’re not going to examine
this or any of the witnesses that I know of that y’all got scheduled, either
side, what the law is.  I’m going to tell the jurors what the law is;"
"No.  Counselor, the rule’s been invoked.  You can’t tell the witnesses
what somebody else testified to;" "Counselor, where are we going with
this?  I mean, are you seeking to offer that or what?" 

These remarks did not rise to the level of
fundamental error of constitutional dimension and, thus, timely and specific
objections were required to preserve any complaint for appellate review. 
Stooksbury failed to object, thereby waiving this complaint.  See Resendez,
160 S.W.3d at 189-90; Tex. R. App.
P. 33.1(a).  However, even if Stooksbury had properly objected at trial, we
would overrule this issue.  The record does not clearly show bias on the part
of the trial court.  It is our opinion that none of the challenged remarks were
calculated to convey to the jury the trial court's opinion of the case.  

Improper Admission of Evidence

            Stooksbury argues that the trial court improperly admitted evidence
of extraneous offenses and bad conduct according to the Texas Rules of Evidence;
however, no objection was lodged to any of this evidence for any purpose except
lack of prior notice.  Stooksbury offers no authority to support his position
on the standard of review or why the lack of preservation of error should be
ignored.  We find that Stooksbury has waived this issue due to inadequate
briefing.  See Tex. R. App. P.
38.1(i); Tex. Dep’t. of Crim. Justice v. King, No. 10-01-058-CV,
2003 Tex. App. LEXIS 10481 at *15, (Tex. App.—Waco, December 10, 2003, pet.
denied).  We overrule Stooksbury’s points of error numbers four and five.

Cumulative Error

            Stooksbury argues that the cumulative
impact of the errors during the trial should result in a reversal for a new
trial.  An appellate court should consider the cumulative effect when there are
multiple errors.  See Martin v. State, 151 S.W.3d 236, 242 (Tex. App.—Texarkana
2004, pet. ref'd).  It is possible that a number of errors may be harmful in
their cumulative effect.  See Feldman v. State, 71 S.W.3d 738, 757 (Tex.
Crim. App. 2002); Hughes v. State, 24 S.W.3d 833, 844 (Tex. Crim. App.
2000); Chamberlain v. State, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999);
see also Modica v. State, 151 S.W.3d 716, 727 (Tex. App.—Beaumont 2004,
pet. ref'd), cert. denied, 547 U.S. 1210, 126 S.Ct. 2895, 165 L.Ed. 2d
923 (2006); Melancon v. State, 66 S.W.3d 375, 385 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref'd).  However, while multiple errors could be harmful in
their cumulative effect, non-errors cannot produce harm in their cumulative
effect.  See Hughes, 24 S.W.3d at 844; Chamberlain, 998 S.W.2d at
238; see also Modica, 151 S.W.3d at 727; Melancon, 66 S.W.3d at
385.  We have not found error; therefore, we cannot say that there is
cumulative error.  See Hughes, 24 S.W.3d at 844; Melancon, 66
S.W.3d at 385.  We overrule Stooksbury’s point of error number eight.

Conclusion

            We find that Stooksbury has not met
his burden to establish that he received ineffective assistance of counsel.  We
further find that the issues regarding prosecutorial misconduct, if there were
any, were not preserved and, therefore, were waived.  We find that the judge
did not act improperly in the trial.  Having overruled all of Stooksbury’s
points of error, we affirm the judgment of conviction.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed September 9, 2009

Do not publish 

[CRPM]