

# IN THE
# TENTH COURT OF APPEALS

No. 10-09-00348-CR
No. 10-09-00349-CR
No. 10-09-00350-CR
No. 10-09-00378-CR

**DANIEL EDWARD MICKEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court Nos. 08-04329-CRF-272, 08-04331-CRF-272,
### 08-04332-CRF-272, and 08-04330-CRF-272

## MEMORANDUM OPINION

Daniel Edward Mickey appeals from convictions for six offenses. During a bench trial on each charge, Mickey changed his plea from not guilty to guilty on all charges but one, burglary of a habitation. The trial court found him guilty of the lesser-included offense of criminal trespass. He was sentenced to four terms of imprisonment for seventeen (17) years in the Texas Department of Criminal Justice – Institutional

Division, two years' confinement in the state jail, and one year in the county jail, each to be served concurrently. Mickey raises one issue on appeal: that he received ineffective assistance of counsel due to his counsel's failure to investigate an insanity defense, which rendered his plea involuntary. Because we find that the record is insufficient to make this determination, we affirm the judgments of the trial court.

*Standard of Review*

To prevail on an ineffective-assistance claim, Mickey must prove (1) counsel's representation fell below the objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813-14.

In *Hill v. Lockhart*, the Supreme Court held that the *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. 52, 58, 106

S. Ct. 366, 88 L. Ed. 2d 203 (1985); *Ex Parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). In the context of a guilty plea, a defendant satisfies the prejudice requirement by showing that he would not have pleaded guilty and would have insisted on going to trial. *Id*. "Where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id*.

When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Robinson v. State*, 16 S.W.3d 808, 813 n. 7 (Tex. Crim. App. 2000). In rare cases, however, the record can be sufficient to prove that counsel's performance was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy. *Id*.

It is critical that Mickey obtain the necessary record in the trial court to rebut the *Strickland* presumption that counsel's conduct was strategic for purposes of appeal. *Thompson*, 9 S.W.3d at 814; *McCullough v. State*, 116 S.W.3d 86, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd.). This kind of record is best developed in a hearing on a motion for new trial, or by an application for a writ of habeas corpus. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *McCullough*, 116 S.W.3d at 92. Without evidence of the strategy and methods involved concerning counsel's actions at trial, the appellate court will presume sound trial strategy. *See Thompson*, 9 S.W.3d at

814. The record is silent as to any trial strategy by counsel. Except as stated above, when the record is silent as to counsel's reason for failing to act in some manner, the appellant fails to rebut the presumption that counsel acted reasonably. *See Thompson*, 9 S.W.3d at 814.

Mickey did not file a motion for new trial, and there is no record as to his trial counsel's investigations or strategies. Mickey attempts to rely on the decision of the Court of Criminal Appeals in *Ex Parte Imoudu*; however, we do not find that decision to compel the result Mickey seeks. *Imoudu* was a habeas proceeding that had been remanded back to the trial court for a hearing, during which the trial court heard testimony from a mental health expert, trial counsel for Imoudu, and considered an affidavit from Imoudu wherein he stated that he would have gone to trial had he been informed of the availability of an insanity defense. In this case, there is no like record. We find that without the benefit of trial counsel's reasoning or trial strategy, the record in insufficient to rebut the presumption that his trial counsel acted reasonably. In this case, this determination would clearly be best made in a habeas proceeding. We overrule Mickey's sole issue.

*Conclusion*

We find that the record is silent as to any strategy or reasoning by trial counsel regarding his actions during Mickey's proceedings. We affirm the judgments of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed August 25, 2010
Do not publish
[CR25]