IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00348-CR

No. 10-09-00349-CR

No. 10-09-00350-CR

No. 10-09-00378-CR

 

Daniel Edward Mickey,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court Nos. 08-04329-CRF-272,
08-04331-CRF-272,

08-04332-CRF-272, and
08-04330-CRF-272

 



MEMORANDUM  Opinion



 

            Daniel Edward Mickey appeals from
convictions for six offenses.  During a bench trial on each charge, Mickey
changed his plea from not guilty to guilty on all charges but one, burglary of
a habitation.  The trial court found him guilty of the lesser-included offense
of criminal trespass.  He was sentenced to four terms of imprisonment for
seventeen (17) years in the Texas Department of Criminal Justice – Institutional
Division, two years’ confinement in the state jail, and one year in the county
jail, each to be served concurrently.  Mickey raises one issue on appeal:  that
he received ineffective assistance of counsel due to his counsel’s failure to
investigate an insanity defense, which rendered his plea involuntary.  Because
we find that the record is insufficient to make this determination, we affirm
the judgments of the trial court.

Standard of Review

To prevail on an ineffective-assistance claim,
Mickey must prove (1) counsel’s representation fell below the objective
standard of reasonableness; and (2) there is a reasonable probability that, but
for counsel’s deficiency, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  In considering an ineffective-assistance claim, we indulge a
strong presumption that counsel’s actions fell within the wide range of reasonable
professional behavior and were motivated by sound trial strategy.  Strickland,
466 U.S. at 689; Thompson, 9 S.W.3d at 813; Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  To overcome this presumption, a
claim of ineffective assistance must be firmly demonstrated in the record.  Thompson,
9 S.W.3d at 814.  In most cases, direct appeal is an inadequate vehicle for
raising such a claim because the record is generally undeveloped and cannot
adequately reflect the motives behind trial counsel’s actions.  Rylander v.
State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); Thompson, 9
S.W.3d at 813-14. 

In Hill v. Lockhart, the Supreme Court held
that the Strickland test applies to challenges to
guilty pleas based on ineffective assistance of counsel.  474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); Ex Parte Imoudu, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009).  In the context of a guilty plea, a defendant satisfies the
prejudice requirement by showing that he would not have pleaded guilty and
would have insisted on going to trial.  Id.  “Where the alleged error of
counsel is a failure to advise the defendant of a potential affirmative defense
to the crime charged, the resolution of the ‘prejudice’ inquiry will depend
largely on whether the affirmative defense likely would have succeeded at
trial.”  Id.

When the record is silent regarding trial
counsel’s strategy, we will not find deficient performance unless the
challenged conduct was “so outrageous that no competent attorney would have engaged
in it.”  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005);
Robinson v. State, 16 S.W.3d 808, 813 n. 7 (Tex. Crim. App. 2000).  In
rare cases, however, the record can be sufficient to prove that counsel’s
performance was deficient, despite the absence of affirmative evidence of
counsel’s reasoning or strategy.  Id.

It is critical that Mickey obtain the necessary
record in the trial court to rebut the Strickland presumption that
counsel’s conduct was strategic for purposes of appeal.  Thompson, 9
S.W.3d at 814; McCullough v. State, 116 S.W.3d 86, 92 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref'd.).  This kind of record is best developed in a
hearing on a motion for new trial, or by an application for a writ of habeas
corpus.  See Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App.
1998); McCullough, 116 S.W.3d at 92.  Without evidence of the strategy
and methods involved concerning counsel’s actions at trial, the appellate court
will presume sound trial strategy.  See Thompson, 9 S.W.3d at 814.  The
record is silent as to any trial strategy by counsel.  Except as stated above,
when the record is silent as to counsel’s reason for failing to act in some
manner, the appellant fails to rebut the presumption that counsel acted
reasonably.  See Thompson, 9 S.W.3d at 814.

Mickey did not file a motion for new trial, and
there is no record as to his trial counsel’s investigations or strategies. 
Mickey attempts to rely on the decision of the Court of Criminal Appeals in Ex
Parte Imoudu; however, we do not find that decision to compel the result
Mickey seeks.  Imoudu was a habeas proceeding that had been remanded
back to the trial court for a hearing, during which the trial court heard
testimony from a mental health expert, trial counsel for Imoudu, and considered
an affidavit from Imoudu wherein he stated that he would have gone to trial had
he been informed of the availability of an insanity defense.  In this case,
there is no like record.  We find that without the benefit of trial counsel’s
reasoning or trial strategy, the record in insufficient to rebut the
presumption that his trial counsel acted reasonably.  In this case, this
determination would clearly be best made in a habeas proceeding.  We overrule
Mickey’s sole issue.

Conclusion

              We find that the record is silent as
to any strategy or reasoning by trial counsel regarding his actions during
Mickey’s proceedings.  We affirm the judgments of the trial court.

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed August 25, 2010

Do not publish

[CR25]